Marta **MARTINEZ**, Appellant,

v.

Attorney Stuart L. **LEEDS**, Appellee.

No. 08–05–00240–CV.

Court of Appeals of Texas, El Paso.

March 15, 2007.

Marta Martinez, El Paso, pro se.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellee.

Before CARR, J., ABLES, J., and BARAJAS, C.J. (Ret.).

## OPINION

KENNETH R. CARR, Justice.

This is an appeal from a grant of a summary judgment in favor of Appellee Stuart L. Leeds ("Leeds"). On appeal, Appellant Marta Martinez ("Martinez"), appearing here *pro se*, apparently argues (1) that the trial court erred in granting

summary judgment in favor of Leeds [1] and (2) that she was denied her constitutional right to a jury trial.[2] We affirm.

## FACTUAL BACKGROUND

On July 26, 2001, the Texas Department of Protective and Regulatory Services filed an emergency removal petition against Martinez. Leeds, an El Paso attorney, was appointed as attorney ad litem to represent Martinez in the lawsuit on September 26, 2001. On November 13, 2001, Leeds filed a motion to withdraw as counsel of record, citing Martinez's refusal to follow his advice and her insistence on involving the *El Paso Times* newspaper ("Times"). Attached to Leeds's motion to withdraw was a letter allegedly faxed to the Times by Martinez, in which she accused Leeds of being "inadequate and unprepared." The trial court granted Leeds's motion to withdraw and appointed substitute counsel to represent Martinez. Thereafter, on January 31, 2002, Martinez executed an affidavit of voluntary relinquishment of her parental rights.

On October 21, 2004, Martinez, appearing *pro se*, filed "PLAINTIFF'S SECOND ORIGINAL PETITION UNDER FOUR YEAR STATUTE OF LIMITATIONS WITH NEW GROUNDS." Although it is not entirely clear, Martinez apparently filed suit against Leeds for claims including legal malpractice, breach of contract, defamation, and violation of her constitutional rights, seeking approximately $50,000 in damages. Leeds filed an answer on November 5, 2004. On May 4, 2005, Leeds filed both a traditional and a no-evidence motion for summary judgment. The trial court granted both the traditional and the no-evidence summary judgments in favor of Leeds, and Martinez filed her notice of appeal.

## STANDARDS OF REVIEW

The standards for reviewing traditional and no-evidence summary judgment rulings are well-established. The movant for traditional summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied). When a defendant is the movant for summary judgment, he must either disprove at least one element of the plaintiff's theory of recovery or conclusively establish all essential elements of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

Once the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston*, 589 S.W.2d at 678–79. In determining whether there is a disputed material fact issue precluding summary judgment, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including

---

1. It is difficult to clearly discern Martinez's argument from her brief. In the "ISSUES PRESENTED" portion of her brief, it appears that she is challenging the trial court's grant of summary judgment. We will construe her argument as a challenge to the trial court's grant of summary judgment in favor of Leeds.

2. Again, it is difficult to discern Martinez's specific complaint. However, we construe her argument to be that, when the trial court granted summary judgment in favor of Leeds, she was denied her constitutional right to a jury trial.

any doubts, must be resolved in the nonmovant's favor. *Nixon,* 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.,* 884 S.W.2d 206, 208 (Tex.App.-El Paso 1994, writ denied).

A no-evidence summary judgment under Rule 166a(i) is essentially a pretrial directed verdict, and we therefore apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wyatt v. Longoria,* 33 S.W.3d 26, 31 (Tex.App.-El Paso 2000, no pet.). The party moving for no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *See id.* To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of probative evidence as to an essential element of his claim or defense. *See id.; Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).

More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of the existence of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). As with a traditional summary judgment, we view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *See Havner,* 953 S.W.2d at 711. When both traditional and no-evidence motions for summary judgment are filed, the reviewing court must uphold the summary judgment if it can be sustained under either method. *Ketter v. ESC Med. Sys., Inc.,* 169 S.W.3d 791, 799 n. 3 (Tex.App.-Dallas 2005, no pet.).

## DISCUSSION

■ As a preliminary issue, we must point out that, when a party appears *pro se,* that party is held to the same standards as a licensed attorney and must comply with all applicable laws and rules of procedure. *Sweed v. City of El Paso,* 195 S.W.3d 784, 786 (Tex.App.-El Paso 2006, no pet.). If *pro se* litigants were not required to comply with applicable rules of procedure, they would be given an unfair advantage over those parties which are represented by counsel. *Greenstreet v. Heiskell,* 940 S.W.2d 831, 835 (Tex.App.-Amarillo 1997, no writ). Accordingly, no allowance is made because a litigant is not an attorney. *Foster v. Williams,* 74 S.W.3d 200, 202 (Tex.App.-Texarkana 2002, pet. denied).

■ In Issue One, Appellant apparently argues that the trial court erred in granting summary judgment in favor of Leeds. We note that, pursuant to the Rules of Appellate Procedure, Martinez's brief must contain a clear and accurate statement of the arguments made in the body of the brief with appropriate citations to authorities and to the record. Tex.R.App. P. 38.1(h). Rule 38 requires Martinez to provide this Court with such discussion of the facts and the authorities relied upon as may be requisite to maintain her point at issue. *Sweed,* 195 S.W.3d at 786. Brief, conclusory statements, unsupported by argument or citation to legal authority, are insufficient to comply with these requirements and present nothing for this Court to review. *See id.* In her brief, Martinez

makes only conclusory accusations, unsupported by either discernable argument or citation to legal authority. Accordingly, Appellant has presented nothing for this Court to review.

■ Regardless, in this case, we note that Leeds filed both traditional and no-evidence summary judgment motions, and the trial court's order specifically granted both. Martinez's only response to the summary judgment motions was to file an unverified "MOTION FOR CONTIUNANCE WITH APPLICATION; PLAINTIFF'S MOTION TO DISMISS NO–EVIDENCE SUMMARY JUDGMENT; & PLAINTIFF'S MOTION FOR SCOPE OF DISCOVERY." [3] Here, we need only address the propriety of the no-evidence summary judgment motion. This is because when a party moves for both a traditional and a no-evidence summary judgment, we first review the trial court's summary judgment under the no-evidence standards of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). If Martinez failed to produce more than a scintilla of evidence raising a genuine fact issue on the challenged elements of her claims, then we need not address whether the trial court should have granted Leeds's traditional summary judgment motion. *See id.*

■ Unlike a traditional summary judgment motion, when a party files a no-evidence summary judgment motion, the burden shifts to the non-movant to specifically point out evidence raising a fact issue. *Saenz v. Southern Union Gas Co.*, 999 S.W.2d 490, 493 (Tex.App.-El Paso 1999, pet. denied). Although the non-movant is not required to "needlessly duplicate evidence already found in the court's file," she is required to make sure the evidence is properly before the trial court for its consideration in ruling on the motion for summary judgment. *Id.* at 494. Martinez did not respond to Leeds's no-evidence summary judgment motion. When the non-movant fails to meet her burden of producing evidence raising a genuine issue of material fact, the trial court must grant the movant's no-evidence motion. *See* Tex.R. Civ. P. 166a(i); *Larned v. Gateway E., Inc.*, 186 S.W.3d 597, 601 (Tex.App.-El Paso 2006, no pet.). Because the trial court properly granted Leeds's no-evidence summary judgment motion, Issue One is overruled.

■ In Issue Two, Martinez seems to argue that, when the trial court granted summary judgment in favor of Leeds, she was denied her constitutional right to a jury trial. Any constitutional challenges not expressly presented to the trial court by written motion, answer, or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal. *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986). In any event, when there is no genuine issue of material fact, a trial court's grant of summary judgment does not violate a party's constitutional right to a jury trial. *Bliss v. NRG Indus.*, 162

---

3. To the extent that Martinez's brief could be construed as contending that she did not have an adequate time for discovery before the trial court granted summary judgment in favor of Leeds, we observe that when a party seeks a continuance for responding to a motion for summary judgment, she must file either an affidavit explaining the need for further discovery or a verified motion for continuance. Tex.R. Civ. P. 166a(g); *see Tenneco Inc. v.*

*Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996); *Flores v. Flores*, —— S.W.3d ——, ——, 2006 WL 2635815, at *2 (Tex.App.-El Paso Sep.14, 2006, no pet. h.). Because Martinez filed neither an affidavit nor a *verified* motion for continuance, the trial court did not abuse its discretion in denying her motion. *Springer v. American Zurich Ins. Co.*, 115 S.W.3d 582, 586 (Tex.App.-Waco 2003, pet. denied).

S.W.3d 434, 437 (Tex.App.-Dallas 2005, pet. denied); *Springer,* 115 S.W.3d at 586. Issue Two is overruled.

We affirm the trial court's judgment.

BARAJAS, C.J. (Ret.), sitting by assignment.

ABLES, J., sitting by assignment.