COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| REGINA M. VIASANA, | § | No. 08-07-00036-CV |
| Appellant, | § | Appeal from |
| v. | § | 143rd District Court |
| WARD COUNTY, | § | of Ward County, Texas |
| Appellee. | § | (TC # 05-12-21109-CVW) |
| | § | |

**O P I N I O N**

Regina M. Viasana appeals from a summary judgment granted in favor of Ward County. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On December 11, 2003, Pablo Navarette was operating a solid waste truck owned by Ward County. He stopped at an intersection in Monahans and a vehicle driven by Ricky Cravens stopped about five feet behind the truck. Viasana, who was 22-23 weeks pregnant, was a passenger in Cravens' vehicle. Cravens remained behind the truck for about three minutes. Navarette put the truck in reverse and backed into Cravens' vehicle while moving approximately five miles per hour. Viasana described it as a slow impact and slight bump. She also said that Cravens' vehicle had a few scrapes on it as a result of the accident but she admitted that the police found no damage on Cravens' vehicle. Viasana reported to Navarette and the investigating officer that she was not injured. Later the same day, however, Viasana was admitted to the hospital with vaginal bleeding and pre-term ruptured membranes. She went into labor and delivered a female infant, Shandi Cravens, on December 13, 2003. Tragically, the infant died shortly after birth. This case is not the only instance

in which Viasana did not carry a pregnancy full-term. She carried only one of six pregnancies full-term. Two others resulted in delivery at five months gestation.

On December 2, 2005, Viasana filed suit against Ward County alleging personal injury and wrongful death claims arising from the motor vehicle accident. Her attorney withdrew on August 29, 2006. On October 11, Ward County filed a motion for summary judgment on traditional and no-evidence grounds, attaching evidence in support of the motion. Viasana, appearing *pro se*, did not file a response. The trial court granted the motion without specifying the basis for its ruling. Viasana, now represented by counsel, filed a motion for new trial asserting that she did not know she was required to file a response. The motion was overruled by operation of law.

## SUMMARY JUDGMENT

In her sole issue for review, Viasana contends that the trial court improperly granted summary judgment because Ward did not establish its entitlement as a matter of law. She also argues that the evidence attached to the motion establishes the existence of fact issues precluding summary judgment on either the no-evidence or traditional summary judgment grounds. Where, as here, the trial court's judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Garcia v. El Paso Ltd. Partnership*, 203 S.W.3d 432, 435 (Tex.App.--El Paso 2006, no pet.). We begin by examining whether the trial court properly granted summary judgment on the no-evidence grounds asserted in the motion.

A no-evidence summary judgment under Rule 166a(i) is essentially a pretrial directed verdict, and we therefore apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.--El Paso 2007, no pet.); *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000,

no pet.). The party moving for no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial. *Martinez*, 218 S.W.3d at 848; *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *Martinez*, 218 S.W.3d at 848. To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of probative evidence as to an essential element of his claim or defense. *Id.*

In addressing the propriety of summary judgment, we will not apply a different standard simply because Viasana appeared *pro se*. When a party appears *pro se*, she is held to the same standards as a licensed attorney and must comply with all applicable laws and rules of procedure. *Martinez*, 218 S.W.3d at 848; *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.). If *pro se* litigants were not required to comply with applicable rules of procedure, they would be given an unfair advantage over parties represented by counsel. *Martinez*, 218 S.W.3d at 848; *Greenstreet v. Heiskell*, 940 S.W.2d 831, 835 (Tex.App.--Amarillo 1997, no writ).

Ward County argues that because Viasana failed to file a response to the no-evidence motion for summary judgment, she is limited on appeal to challenging the sufficiency of the no-evidence motion. We understand Viasana to assert that she is not restricted to challenging the sufficiency of Ward County's summary judgment motion because the evidence attached to the motion defeats Ward County's no-evidence claim.

Rule 166a(i) provides:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent

produces summary judgment evidence raising a genuine issue of material fact. Thus, a trial court is required to grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i) if the respondent fails to produce summary judgment evidence raising a genuine issue of material fact. *See* TEX.R.CIV.P. 166a(i). Generally, the non-movant who fails to file a response and produce evidence is restricted to arguing on appeal that the no-evidence summary judgment is insufficient as a matter of law. *See Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 723 (Tex.App.--Houston [1st Dist.] 2003, no pet.)(when the respondent does not file a response, the controlling issue is whether the summary judgment motion was sufficient to warrant the no-evidence summary judgment and thus shifted the burden to the respondent to produce evidence that raised a genuine issue of material fact). The issue before us, however, is whether Ward County's attachment of evidence to the combined no-evidence/traditional summary judgment motion alters this general rule. Stated differently, we must determine whether the non-movant, who has neither filed a response nor produced her own evidence in response to the no-evidence summary judgment motion, can rely on evidence attached in support of a traditional summary judgment motion.

In *Binur v. Jacobo*, 135 S.W.3d 646 (Tex. 2004), the Supreme Court considered whether no-evidence and traditional summary judgment motions could be combined into a single motion and whether the attachment of evidence to such a motion transformed it into a only a traditional summary judgment motion. The court held that the summary judgment rule does not prohibit a party from combining in a single motion a request for summary judgment under Rule 166a(a) or Rule 166a(b) with a request for summary judgment under Rule 166a(i). *Id.* at 650. The attachment of evidence to a traditional summary judgment motion does not foreclose a party from also raising a no-evidence claim in the same motion. *Id.* at 651. Similarly, if a movant attaches evidence to a summary judgment motion *brought solely under Rule 166a(i)*, that evidence should not be considered unless

it creates a fact question. *Id*.

Ward County's motion was brought under both Rules 166a(b) and 166a(i) and it attached evidence in support of its traditional summary judgment motion. There is nothing to indicate that Ward County intended for the attached evidence to be considered in connection with its no-evidence summary judgment motion. Further, Viasana did not file a response referencing the evidence attached to the summary judgment motion or pointing out the existence of any fact issues raised by that evidence. Accordingly, it is inappropriate to consider the evidence attached to the summary judgment motion in connection with our review of the Rule 166a(i) motion. *See Binur*, 135 S.W.3d at 651. Viasana is restricted on appeal to challenging the sufficiency of the summary judgment motion.[1]

Ward County asserted that there was no evidence that Ward County or its employee: (1) proximately caused injury to Viasana or the unborn child; (2) proximately caused the pre-term rupture of membranes or pre-term labor; (3) proximately caused the premature delivery of Shandi Cravens; or (4) or proximately caused the death of Shandi Cravens. Ward County's motion sufficiently identified the elements of the personal injury and wrongful death causes of action which it challenged in the trial court. Under these circumstances, Rule 166a(i) required the trial court to grant the no-evidence summary judgment motion. Consequently, we need not address Viasana's arguments pertaining to the traditional summary judgment motion. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.

---

[1] Even if we considered the summary judgment evidence attached to Ward County's motion, we would affirm the summary judgment because the evidence does not establish the existence of genuine issues of material fact. While there is evidence that Viasana was involved in a minor accident and she went to the hospital later the same day complaining of vaginal bleeding, there is no evidence that the accident caused any injury to Viasana or the unborn child. Further, there is no evidence that the accident proximately caused Viasana's vaginal bleeding, the pre-term rupture of membranes, the pre-term labor and delivery of the child, or that it proximately caused the child's death.

March 5, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating