COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JESUS DELGADO SAUCEDO, | § | |
| Appellant, | § | |
| | § | No. 08-08-00340-CV |
| v. | § | Appeal from |
| ALEJANDRO ACOSTA HORNER, A/K/A ALEJANDRO ACOSTA, LAURA ACOSTA, CAROLYN RABE, INDIVIDUALLY AND AS THE ADMINISTRATRIX OF THE ESTATE OF CARLYLE J. RABE, JR., | § § § | County Court at Law No. 6 of El Paso County, Texas |
| | § | (TC # 2005-8319) |
| Appellees. | § | |
| | § | |

## **O P I N I O N**

Jesus Delgado Saucedo appeals from an order granting summary judgment in favor of Alejandro Acosta Horner a/k/a Alejandro Acosta and Laura Acosta, and an order granting summary judgment in favor of Carolyn Rabe, Individually and as the Administratrix of the Estate of Carlyle J. Rabe, Jr. For the reasons that follow, we affirm.

## **FACTUAL SUMMARY**

Saucedo has been employed by Ciudad Juarez, Chihuahua, Mexico as a maintenance employee since 1991, but he also sought work in El Paso on his days off. Saucedo's relative, Cruzita Mejia, did ironing for the Acostas in El Paso and in March 2005, he asked her to help him find work. Mejia suggested that he ask the Acostas if he could do yard work for them. Saucedo went to the Acostas home and Mrs. Acosta initially told him that they did not have any work for him to do. After Mejia vouched for him and Saucedo told Mrs. Acosta that he needed money to eat, she hired

him to clean the yard that day.  Saucedo did not return until approximately mid-April because it was early in the growing season and there was no yard work for him to do.  Saucedo called the Acostas about two weeks after Easter and they hired him to cut the lawn.  Saucedo did not recall how many times he worked for the Acostas between March and August 2005, but he believed it was more than five times.  Saucedo also did minor electrical and plumbing work for them during this time period and he generally worked at the house one or two days a week depending on what jobs they had for him to do.

Saucedo repeatedly asked Mr. Acosta to refer him to other people for work.  A next door neighbor, Carlyle Rabe, had died in February 2005 and the yard was overgrown.  Mr. Acosta mentioned to Mrs. Rabe, who lived out of town, that her yard needed to be cleaned and that Saucedo performed yard work for him.  According to Mr. Acosta, Mrs. Rabe agreed to reimburse Mr. Acosta if he would pay Saucedo to cut the lawn and clean up the yard.[1]  Mr. Acosta subsequently told Saucedo that Mrs. Rabe wanted him to clean up the yard.  On the day of the accident, August 2, 2005, Saucedo arrived at the Rabe house and began working.  While attempting to fix one of the mowers, Saucedo put his hand under the blades while priming the motor.  The motor started and the blade hit Saucedo's left thumb and caused an injury.[2]  Saucedo ran to the Acosta's home for assistance.  Saucedo had medical benefits as a result of his employment with the Ciudad Juarez.  Mr. Acosta asked Saucedo where he received medical treatment and Saucedo told him at the city hospital in Juarez.  Mr. Acosta drove him to that hospital's emergency room.  Mr. Acosta paid Saucedo for

---

[1]  Mrs. Rabe did not recall giving Mr. Acosta any money for the yard work.

[2]  The degree of injury is in dispute.  Saucedo testified that the thumb was severed, but Mr. Acosta recalled that when he saw the thumb it was "mangled" but no portion of it had been amputated.

that day's work and gave him an additional 500 pesos before leaving the hospital.[3]

Saucedo filed suit against the Acostas and against Mrs. Rabe, individually and as the administratrix of the estate of Carlyle J. Rabe. The petition alleged non-subscriber negligence, intentional infliction of emotional distress, and breach of the duty of good faith and fair dealing. The Acostas moved for summary judgment on no-evidence and traditional summary judgment grounds. Mrs. Rabe filed similar motions. The trial court entered separate orders granting summary judgment without specifying the basis for the court's ruling.

<b>STANDARDS OF REVIEW</b>

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *Viasana v. Ward County*, 296 S.W.3d 652 (Tex.App.--El Paso 2009, no pet.); *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.--El Paso 2007, no pet.). The party moving for no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial. *Viasana*, 296 S.W.3d at 654; *Martinez*, 218 S.W.3d at 848; *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *Viasana*, 296 S.W.3d at 654; *Martinez*, 218 S.W.3d at 848. To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of probative evidence as to an essential element of his claim or defense. *Viasana*, 296 S.W.3d at 654; *Martinez*, 218 S.W.3d at 848.

The standard of review for traditional summary judgment under TEX.R.CIV.P. 166a(c) is well established. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex. 1985).

---

[3] According to Saucedo, Mr. Acosta simply dropped him off at the emergency room, but Mr. Acosta testified that he waited at the hospital for about an hour until the doctor told him that they were going to keep Saucedo overnight.

The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id*. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App.--El Paso 2006, pet. denied).

## SAUCEDO'S CAUSES OF ACTION

Saucedo's non-subscriber negligence claim is purportedly based on Section 406.092(a) of the Texas Labor Code which provides that a resident or nonresident alien employee is entitled to compensation under the Workers' Compensation Act. TEX.LAB.CODE ANN. § 406.092(a)(Vernon 2006). He alleged that the Acostas, individually or as agents for Mrs. Rabe and the estate of Carlyle Rabe, were negligent by failing to provide reasonably safe equipment to perform the yard work, by providing an unsafe piece of equipment, by failing to perform necessary repairs on the piece of equipment provided to Saucedo, and by failing to properly instruct him in the safe servicing and use of the equipment.

Saucedo's suit also claimed that Mr. Acosta intentionally inflicted emotional distress by

transporting him to Juarez without seeking or obtaining medical treatment for his serious injury. Saucedo sued for breach of the duty of good faith and fair dealing arising from an employer-employee relationship. The breach of duty claim related to Mr. Acosta's conduct in transporting Saucedo to Juarez and intentionally abandoning him without obtaining medical care for his injury. Finally, Saucedo claimed to be the borrowed servant of Mrs. Rabe such that Mr. Acosta bore liability as her agent.

## THE ACOSTAS

### *Negligence*

The Acostas contended that they owed no duty to provide Saucedo with safe equipment or to instruct him in the use of the lawnmower because he was an independent contractor rather than an employee. In a related ground, the Acostas reasoned that if Saucedo was an independent contractor rather than an employee, he could not be a borrowed servant. Saucedo has challenged both grounds in sub-parts (A) and (B) of Issue One.[4]

The elements of a negligence cause of action are a legal duty, a breach of that duty, and damages proximately resulting from that breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). The existence of duty is a threshold question of law. *Id.* The nonexistence of duty ends the inquiry into whether negligence liability may be imposed. *Id.* If the Acostas conclusively established that Saucedo was an independent contractor and not an employee, it would defeat the duty element of his non-subscriber negligence claim.

The test to determine whether a worker is an employee or an independent contractor is whether the employer has the right to control the progress, details, and methods of operation of the

---

[4] Saucedo has challenged the summary judgments granted in favor of both the Acostas and Mrs. Rabe in a single issue on appeal containing eight sub-parts (A) through (H).

employee's work. *Thompson v. Travelers Indemnity Company of Rhode Island*, 789 S.W.2d 277, 278 (Tex. 1990); *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 585-90 (Tex. 1964). This same test applies whether the claim arises at common law or under workers' compensation. *Thompson*, 789 S.W.2d at 278. The employer must control not merely the end sought to be accomplished, but also the means and details of its accomplishment. *Id.* Examples of the type of control normally exercised by an employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result. *Id.* at 278-79.

The Acostas' summary judgment evidence established that Mr. Acosta is a semi-retired attorney who is licensed to practice law in Mexico and has an office in Ciudad Juarez. Neither he nor Mrs. Acosta operate any kind of business at their home. Saucedo performed yard work, and minor plumbing and electrical repairs for them. He also painted a portion of the home's exterior. The Acostas did not consider Saucedo to be their employee. Saucedo specified the days he could work and he "always" worked from approximately 10 a.m. to about 6 p.m. Although Saucedo argues on appeal that the Acostas determined his hours of work, there is no evidence to support this claim. Saucedo testified that he chose to arrive at 10 because he would be questioned by immigration and customs officials if he crossed the border earlier in the day. Saucedo did not have a set lunch time but Mrs. Acosta provided him with lunch on Mondays and Mejia gave him lunch on Tuesdays. Saucedo testified that he worked on a project basis and the Acostas paid him when he completed each project. Mr. Acosta told Saucedo the projects he wanted him to perform, but he did not tell him how to do any of the work or set a time limit for it to be done. Saucedo explained that at 6:00 he would tell the Acostas he was finished with that day's work and they would pay him $40 for his labor and give him an additional dollar for the bus. Saucedo used the Acostas' mower and edger to

cut the lawn but he provided his own tools for the plumbing and electrical projects. The Acostas provided the paint for the painting project.

Because the summary judgment evidence conclusively established that the Acostas did not have the right to control the progress, details, and methods of operation of Saucedo's work, they established that Saucedo was an independent contractor. Saucedo failed to raise a fact issue related to this ground for summary judgment. Moreover, since Saucedo was an independent contractor, the borrowed servant doctrine is inapplicable. Because the court did not err by granting summary judgment in favor of the Acostas on the non-subscriber negligence cause of action, we overrule sub-parts (A) and (B) of Issue One as the issue pertains to the Acostas.

*Intentional Infliction of Emotional Distress*

The Acostas moved for summary judgment under Rule 166a(i) asserting that there was no evidence that Saucedo's emotional distress was severe or that the Acostas' conduct was extreme and outrageous. To prevail on his claim of intentional infliction of emotional distress, Saucedo would be required to prove: (1) the Acostas acted intentionally or recklessly; (2) their conduct was extreme and outrageous; (3) their actions caused Saucedo emotional distress; and (4) Saucedo's emotional distress was severe. *Texas Farm Bureau Mutual Insurance Companies v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002). In his response to the summary judgment motion, Saucedo addressed the extreme and outrageous conduct element but he failed to address the severity of his emotional distress. Sub-part (E) of his brief on appeal mirrors his summary judgment response.

When there are multiple grounds for summary judgment and the order does not specify the ground upon which the summary judgment was rendered, the appealing party must negate all grounds on appeal. *State Farm Fire & Casualty Company v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex.App.--Houston [1st Dist.] 2002,

no pet.).  If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed.  *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).  Because Saucedo has failed to address one of the challenged elements, we are required to overrule sub-part (E) of Issue One as it relates to the Acostas.

*Duty of Good Faith and Fair Dealing*

In sub-parts (C) and (D) of Issue One, Saucedo contends that the trial erred in granting summary judgment on his claim that the Acostas breached a duty of good faith and fair dealing arising out of a special employer-employee relationship.  The Acostas moved for traditional summary judgment on the ground they did not have a duty to act in good faith.

A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract.  *Cole v. Hall*, 864 S.W.2d 563, 568 (Tex.App.--Dallas 1993, writ dism'd w.o.j.) (en banc).  Whether a duty exists between the parties is initially a question of law which we review *de novo*.  *Cole*, 864 S.W.2d at 568.  Texas courts have recognized that not every contractual relationship creates a duty of good faith and fair dealing.  *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000); *GTE Mobilnet of South Texas Ltd. Partnership v. Telecell Cellular, Inc.*, 955 S.W.2d 286, 295 (Tex.App.--Houston [1st Dist.] 1997, writ denied); *Cole*, 864 S.W.2d at 568.  The Texas Supreme Court has specifically rejected the implication of a general duty of good faith and fair dealing in all contracts.  *City of Midland*, 18 S.W.3d at 215; *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).  An actionable duty has been imposed only when there is a special relationship, such as that between an insured and his or her insurance carrier.  *City of Midland*, 18 S.W.3d at 215. A special relationship has been found to exist in the insurance context because of "the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution

of claims." *Id., quoting Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165, 167 (Tex. 1987). In *City of Midland v. O'Bryant*, the Supreme Court found that the elements which render the relationship between an insurer and an insured a special one are absent in the relationship between an employer and employer. *Id.*

We have already determined that Saucedo was an independent contractor rather than an employee. Saucedo does not argue that a special relationship can exist between an independent contractor and the person who employed him. Even assuming for the sake of argument that an employer-employee relationship existed in this case, it is not a special relationship which would give rise to a duty of good faith and fair dealing. *City of Midland*, 18 S.W.3d at 215. Consequently, the trial court properly granted summary judgment in favor of the Acostas on this claim. We overrule sub-parts (C) and (D) of Issue One as they relate to the Acostas.

### MRS. RABE

*Negligence and Intentional Infliction of Emotional Distress*

Mrs. Rabe moved for summary judgment under Rule 166a(i) asserting that there was no evidence of any of the elements of the negligence cause of action or the intentional infliction of emotional distress claim. On appeal, Saucedo has addressed only the duty element of the negligence claim and the outrageous conduct element of the intentional infliction of emotional distress claim. Because Saucedo has failed to address each of the challenged elements of these claims, we overrule sub-parts (A), (B), and (E) of Issue One as they relate to Mrs. Rabe. *See Star-Telegram*, 915 S.W.2d at 473 (if summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed).

*Duty of Good Faith and Fair Dealing*

With respect to the remaining cause of action asserted against her, Mrs. Rabe moved for

traditional summary judgment on the ground that she did not have a duty to act in good faith. As we have already noted, the Texas Supreme Court has held that the employer-employee relationship does not give rise to a special relationship which would impose a duty of good faith and fair dealing on the employer. *See City of Midland*, 18 S.W.3d at 215. Even assuming an employer-employee relationship existed between Mrs. Rabe and Saucedo, Mrs. Rabe did not have a duty to act in good faith. The trial court did not err in granting summary judgment in favor of Mrs. Rabe on this ground. Accordingly, we overrule sub-parts (C) and (D) as they relate to Mrs. Rabe.

Because we have found that the trial court properly granted summary judgment in favor of the Acostas and Mrs. Rabe on all three causes of action asserted by Saucedo against them, it is unnecessary to address sub-parts (F), (G) and (H) of Issue One which relate to Saucedo's allegation that Mr. Acosta acted as the agent for Mrs. Rabe. Consequently, we affirm the summary judgments.


August 31, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.