

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00047-CV

_____


ROBERT MYRON MOORE, JR., AND REBECCA ROSE MOORE, Appellants

V.

JUDITH A. ELLSWORTH, Appellee


On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. CV-09-39314


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Robert Myron Moore, Jr., and wife, Rebecca Rose Moore, appeal from a summary judgment awarding Judith A. Ellsworth judgment on a note and ordering judicial foreclosure of lien on a called five-acre tract of land in Fannin County, Texas, held by the Moores.

The procedural history underlying this appeal is convoluted. In short, the suit was filed by Ellsworth in 2009, seeking to recover judgment on a note and to foreclose a lien securing it. The Moores first filed a response and then filed bankruptcy, staying the proceedings in the instant suit. During this time, the Moores' travel trailer, which was situated on the property, burned. The Moores' bankruptcy suit was dismissed July 23, 2010, and this lawsuit then resumed. Ellsworth filed a motion for summary judgment on December 17, 2010, which was set for hearing on March 3, 2011. The Moores did not timely file a response. Instead, on the date of the hearing, the Moores presented a response and also asked for a continuance (or postponement) based on what was termed a "medical necessity." The trial court denied the request for a postponement, conducted the hearing, and signed a summary judgment March 3, 2011.

In their pro se brief, the Moores contend that the trial court denied them due process by its grant of summary judgment. The United States Constitution provides that a person shall not be deprived of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1; *see also* TEX. CONST. art. I, § 19. Fundamental to the concept of due process is the right to be heard. *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ) (per

curiam) (citing *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)). The right to be heard includes the right to a full and fair hearing before a court having jurisdiction over the matter. *Id.* It also entails the right to introduce evidence and to examine witnesses. *Id.* A party's right to be heard further includes the right to have judgment rendered only after a trial on the merits. *Id.*

However, a party's right to due process does not mean that a case may never be disposed of before a full trial on the merits. *Walden v. Affiliated Computer Servs.*, *Inc.*, 97 S.W.3d 303, 322–23 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A motion for summary judgment is the preferred method for pretrial disposal of a case in its entirety. *Soefje v. Jones*, 270 S.W.3d 617, 625 (Tex. App.—San Antonio 2008, no pet.). Due process is provided by the rules that provide summary judgment procedure. The Texas Rules of Civil Procedure provide the nonmovant twenty-one days' notice before a summary judgment hearing. TEX. R. CIV. P. 166a(c). The nonmovant's summary judgment response is due at least seven days before the hearing date. TEX. R. CIV. P. 166a(c). If upon application of those rules, no questions of material fact appear, or if there is no evidence to support a claim, summary judgment may be granted.

There is nothing in the record to show a lack of notice, but the Moores failed to file a timely response. When due notice is provided of the filing of a motion for summary judgment, due process has been afforded the opposing party, but that opponent of the summary judgment is

3

compelled to follow the prescribed rules or process. No error in that regard has been shown. The contentions of error concerning application of summary judgment procedures are overruled.

The Moores also argue that the trial court erred by not considering their response, which was filed on the day scheduled for a hearing on the motion for summary judgment and filed simultaneously with their motion to postpone. The rules applying to the procedure to be followed pertaining to a motion for summary judgment state, "Except on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response [to a summary judgment motion]." TEX. R. CIV. P. 166a(c). Thus, a party seeking to file a tardy response to a motion for summary judgment must first seek leave of the court to do so. This leave should be granted by the court when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002); *LeBlanc v. Lange*, No. 01-08-01029-CV, 2011 WL 4398537, at *10 (Tex. App.—Houston [1st Dist.] Sept. 22, 2011, no pet. h.).

Similarly, we also review the denial of a motion for continuance for an abuse of discretion. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 n.142 (Tex. 2004) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). When a party seeks a continuance in order to respond

to a motion for summary judgment, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Martinez v. Leeds*, 218 S.W.3d 845, 849 n.3 (Tex. App.—El Paso 2007, no pet.); *accord Rankin v. Union Pac. R.R. Co.*, 319 S.W.3d 58, 67 (Tex. App.—San Antonio 2010, no pet.); *see also* TEX. R. CIV. P. 166a(g), 251.

In this case, although the Moores did not specifically ask for permission to allow the late filing of their summary judgment response, the omnibus, one-size-fits-all motion to postpone they filed does contain language asking for "postponement of scheduled submissions, pleadings, hearings, judgments and mandates pertaining to this cause." Although the motion lacks specificity as to the relief they needed to have (the motion requests almost every type of relief that might perhaps exist at every point in the proceeding), it can, however, be broadly read that way. Thus, we will address the issue.

Although the motion is written, it is neither verified nor accompanied by an affidavit. Rule 251 provides the trial court shall not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Therefore, since it does not satisfy this requirement, it completely fails under the Rule. Accordingly, the Moores have not shown this Court that the trial court abused its discretion by denying the requested postponement. The contentions of error are overruled.

The Moores also argue that the trial court erred by overruling their motion for rehearing, because there were conflicts in the evidence presented at that hearing. Determining whether to

5

grant or deny a motion for new trial is a matter which falls within the sound discretion of the trial judge. *Bank One*, *Tex.*, *N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). The exercise of that discretion is based upon the trial court's consideration of the documents and (if applicable) the evidence at any hearing conducted on the motion. Thus, any conflicts in evidence are necessarily to be resolved by the court, and the existence of such conflicts do not justify concluding that the trial court abused its discretion in overruling the motion for new trial (rehearing). The contention of error is overruled.

The Moores further contend that the court erred by considering statements made by opposing counsel about the Moores' lack of any genuine medical necessity as relates to the requested postponement and by overruling their objections to questions which were raised at the hearing not relevant to that hearing. We have reviewed the record and find no evidentiary statements by opposing counsel concerning the medical condition. Counsel did question witnesses about the medical claims and argued that necessity was neither properly shown nor adequately proven in the motion to postpone hearing. Such questions and argument are not objectionable. Even if it were shown on appeal that these were objectionable (which does not appear to be so), there was no objection to either opposing counsel's questions or to his argument; thus, the claim of error has not been preserved for review. *See* TEX. R. APP. P. 33.1.

The Moores also contend that counsel's argument and statements before the court about the underlying note were irrelevant and that the court erred by overruling their objections to that

6

argument. However, the motion for rehearing contained arguments that Ellsworth had not adequately proven up her claim; thus, such statements were responsive to the motion and were relevant. The contentions of error are overruled.

The Moores argue finally that the trial court abused its discretion by ruling against them on the effort to late file their response in light of the court's permission to counsel for Ellsworth allowing him to file his contest to their indigency claim only minutes before that hearing.

Different rules are in play in the two motions. Rule 20.1 of the Texas Rules of Appellate Procedure controls the proceeding in indigency in civil cases. TEX. R. APP. P. 20.1. A very brief review of the procedure in this case shows that the procedure was not properly followed, and we ultimately issued an order directing indigency to be properly determined. Our order was issued on August 2, 2011. In that order, we directed that any contest to the claim of indigency be filed within ten days after the district clerk received our order and that if any contest was filed, a hearing must be conducted within ten days after the contest was filed. The clerk filed such a motion on August 4, 2011. The trial court then set the matter for hearing on August 11, 2011, and Ellsworth filed her separate contest (essentially an argument in support of the clerk's position) just prior to the hearing on August 11, 2011.[1]

Ellsworth filed her documentation within the time frame set out by this Court in its order. Accordingly, we cannot find that the trial court was acting improperly by allowing its filing. Further, as previously stated, separate rules control the timetable for filing a response to a motion

_____

[1]A full record was provided on appeal. There is, therefore, no extant issue concerning indigency.

7

for summary judgment, and the trial court acted within its discretion in declining to allow that late filing—while acting in accordance with the order of this Court in considering the indigency contest.   No error has been shown.

We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:     March 20, 2012
Date Decided:       March 21, 2012