

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00019-CV

RAYMOND R. CORREA AND                                      APPELLANTS
SANTA ROSADO

V.

CITIMORTGAGE INC.                                          APPELLEE

----------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 348-256265-11

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellants Raymond R. Correa and Santa Rosado appeal the trial court's summary judgment for Appellee Citimortgage, Inc. We affirm.

After Citimortgage acquired Appellants' house via nonjudicial foreclosure, Appellants sued Citimortgage and Willow Bend Mortgage Company for wrongful

---

[1]See Tex. R. App. P. 47.4.

foreclosure, fraudulent lien instrument, wrongful debt collection practices, trespass to try title, and for an injunction. Appellants did not respond to Citimortgage's written discovery requests. The record does not reflect, and Appellants do not contend, that Appellants propounded any discovery between the April 2012 setting of the trial date and the July 2012 filing by Citimortgage of a combined traditional and no-evidence motion for summary judgment on all of Appellants' claims.

Appellants did not respond to Citimortgage's motion and did not file a motion for leave to file a late response, a motion to undeem admissions, or a motion for continuance. The trial court granted Citimortgage's motion in its entirety on August 23, 2012, ten months after Appellants filed the case, and seven months after the federal court remanded the case to the trial court. Appellants filed a motion to vacate the summary judgment after nonsuiting Willow Bend. In their motion to vacate, Appellants asked the trial court to vacate the summary judgment order or grant them a new trial and to undeem their admissions. The trial court did not rule on the motion, and Appellants do not appeal its implicit denial.

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden,

2

then there is no need to analyze whether the appellee's summary judgment proof satisfied the less stringent rule 166a(c) burden. *Id.*

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

In their second point, Appellants argue that summary judgment was premature because they had not had an adequate time to conduct discovery. However, "[w]hen a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). If neither of these steps is taken, error is not preserved for our review. *See id.*; *see also Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because Appellants took neither of these steps, we overrule their second point as unpreserved. *See* Tex. R. App. P. 33.1.

3

In their first point, Appellants argue that the trial court erred by granting summary judgment because Citimortgage's summary judgment evidence, which was attached in support of the traditional portion of its motion, "established that there were outstanding fact issues on each element of each outstanding claim" and because their claims were established by this evidence.

In its motion, Citimortgage argued that all of Appellants' claims—wrongful foreclosure, wrongful debt collection practices, trespass to try title, fraudulent lien instrument, and injunction—failed because they were based on "the single, erroneous allegation" that Citimortgage did not have standing to enforce the note and deed of trust or to foreclose on the property because the assignments "from MERS to Citimortgage were allegedly not authorized, and therefore were fraudulent." In the no-evidence portion of its motion, Citimortgage asserted that Appellants could produce (1) no evidence that it lacked standing to enforce the note and deed of trust or to foreclose on their property; (2) no evidence that the assignments from MERS were invalid; (3) no evidence that there was any other alleged defect in the foreclosure sale—specifically, no evidence of a defect in the foreclosure sale, a grossly inadequate selling price, or a causal connection between the defect and the inadequate price; (4) no evidence of damages because there was no evidence that Appellants had never been dispossessed of the property or of any lost equity; (5) no evidence that it engaged in any wrongful debt collection practice or violated any provision of the Texas Debt Collection Act (TDCA)—specifically, no evidence that any representations made by

4

Citimortgage in connection with its foreclosure efforts violated the TDCA and no evidence that Appellants suffered any compensable damages as a result of any alleged TDCA violations; (6) no evidence of trespass to try title—specifically, no evidence of a regular chain of conveyances from the sovereign, superior title out of a common source, title by limitations, or title by prior possession coupled with proof that possession was not abandoned; and (7) no evidence to support their claim for injunctive relief—specifically, no evidence to prove that they have a probable right to relief because all of their claims fail, and no evidence that they will suffer a probable, imminent, and irreparable injury.[2]

We have previously held that when a summary judgment movant files a combined traditional and no-evidence summary judgment motion,

> under our summary judgment law, in the face of a legally sufficient motion for no-evidence summary judgment, the nonmovant must file a response to defeat summary judgment regardless of whether the trial court has before it evidence that would defeat summary judgment if attached to a timely response. The nonmovant must bring that evidence to the attention of the trial court or lose.

---

[2]Citimortgage argued in the traditional part of its motion that Appellants had no standing to challenge the assignments and that its summary judgment evidence conclusively showed that it had standing to enforce the note and deed of trust as the holder of the note, as the mortgagee of the loan, and as the mortgage servicer of the loan; that Appellants defaulted on the note; and that all requisite foreclosure notices were provided. Citimortgage further argued that as the holder of the note entitled to enforce the security interest, it had the authority to foreclose and therefore did not violate any provision of the TDCA and that the summary judgment evidence established that it was the property's owner pursuant to a valid foreclosure sale, defeating Appellants' trespass-to-try-title claim. And Citimortgage stated that because Appellants could not succeed on any of their claims as a matter of law, their request for injunctive relief must be denied.

*See Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at *5 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.). We explained that while this may seem unjust,

> [t]he law, however, requires us to ignore traditional summary judgment evidence attached to a combined summary judgment motion unless the nonmovant has directed the trial court to that evidence in its response to the no-evidence motion. If we were to reverse in this case, we would have to hold that the trial court had a duty to examine the evidence attached to Accredited's motion to determine if any evidence existed in the record to support the challenged [no-evidence] elements. To do so would contradict the plain wording of the summary judgment rule, which provides that the trial court *must* grant the no-evidence summary judgment unless the *nonmovant* produces summary judgment evidence raising a genuine issue of material fact. The comment to the rule states that the nonmovant must not only produce evidence but must also point out to the trial court the evidence that raises a fact issue. That is, even though evidence is before the trial court that, if produced by the nonmovant, would require the court to deny the no-evidence summary judgment, because it was not pointed out to the trial court by the nonmovant, it must be ignored. Because the Dyers did not file a timely response, they neither produced summary judgment evidence nor directed the trial court to where such evidence could be found in its file.
>
> Although it appears to be a triumph of procedure over substance, we cannot create a rule that the trial court disposing of a combined motion has a duty to look at the traditional summary judgment evidence to see if it defeats the movant's right to no-evidence summary judgment when the rules of procedure place the burden on the nonmovant to produce evidence. If we created such a rule, it would conflict with the Supreme Court's holding that parties may file combined motions. A party moving for both traditional and no-evidence summary judgment would be compelled out of an abundance of caution to abandon the practice of filing combined motions. Instead, the party would have to first file a no-evidence motion, wait for the trial court to rule on it, and, if the court denies the motion, only then file a traditional summary judgment motion.

6

*Id.* at \*3–4 (footnotes omitted); *see also Wood v. Wells*, No. 02-11-00087-CV, 2011 WL 5515483, at \*5 (Tex. App.—Fort Worth Nov. 10, 2011, no pet.) (mem. op. on reh'g) (affirming no-evidence summary judgment when, although appellant filed a response, he did not direct the trial court to any evidence attached to appellees' traditional motion for summary judgment or point out the existence of any fact issues regarding damages raised by that evidence); *Viasana v. Ward Cnty.*, 296 S.W.3d 652, 655 (Tex. App.—El Paso 2009, no pet.) (reasoning that it was inappropriate to consider evidence attached to traditional summary judgment motion in connection with review of no-evidence motion because nonmovant did not file response referencing evidence attached to traditional motion). Because Appellants did not file a response to the no-evidence motion, we conclude that the trial court had no choice but to grant the no-evidence motion on the grounds presented, and we overrule Appellants' first point.

Having overruled both of Appellants' points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, GARDNER, and MEIER, JJ.

DELIVERED:  July 24, 2014

7