

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00105-CV

———————————————

AMBREYA PLAYER, Appellant

V.

MANSIONS OF MANSFIELD, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-002363-1

---

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In four issues, Ambreya Player appeals from the county court at law's final judgment granting Appellee Mansions of Mansfield's no-evidence summary-judgment motion on Player's claims, ordering that Player take nothing, and awarding attorney's fees to Mansions of Mansfield. We will affirm.

## I. Background

In October 2019, Player executed an apartment lease agreement with Mansions of Mansfield. According to Player's appellate brief, *see* Tex. R. App. P. 38.1(g), after Mansions at Mansfield sued to evict her, a dispute arose during the eviction proceeding over Mansions at Mansfield's allegedly locking her out of her apartment and Player's obtaining a writ of re-entry to gain access to her apartment. In January 2022, Player, proceeding pro se, sued Mansions of Mansfield in justice court for "personal property," "pain and suffering," and "emotional distress." Player sought $20,000 in damages, plus court costs. Mansions of Mansfield answered and pleaded for the recovery of its attorney's fees under the lease agreement's terms.

The parties appeared and announced ready for trial. "After fully hearing the pleadings, evidence, and argument of parties," the justice court found for Mansions of Mansfield, and ordered that Player take nothing. Player timely appealed to county court at law for a trial de novo. *See* Tex. R. Civ. P. 506.1(a), 506.3.

On June 27, 2022, the county court at law ordered the parties to mediate the case by September 30, 2022. The mediator filed a status report with the county court

on October 3, 2022, stating that the case was closed due to inactivity. The county court then set the case for trial for the week of February 6, 2023. Mansions of Mansfield successfully moved to continue the trial, and before the new trial setting, it moved for summary judgment on no-evidence grounds on all of Player's claims. Player filed no response to the motion.

The county court heard the motion on March 10, 2023. Three days later, Mansions of Mansfield filed an affidavit supporting its claim for attorney's fees under the lease agreement's terms. Player did not respond.

On March 31, 2023, the county court signed a final judgment granting Mansions at Mansfield's summary-judgment motion, ordering that Player take nothing on her claims, and awarding Mansions at Mansfield $5,271 in trial attorney's fees, plus conditional appellate attorney's fees. Player timely appealed.

## II. Player's Issues and Arguments

We construe briefs liberally. *See* Tex. R. App. P. 38.9. But a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). On appeal, a pro se appellant must properly present her case. *Flores*, 2011 WL 2611140, at *2; *Strange*, 126 S.W.3d at 678. To do so, her brief must contain,

among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).

Here, Player raises four appellate issues: (1) the county court erred "by leaning [its] judgment on familiarity and not the facts presented"; (2) the county court erred "by [excluding] the fact of the [w]rit of [r]eentry showing [that she] still [had] access to the unit"; (3) the county court decided the case "based on the previous eviction judgment instead of seeing [her] as a victim of agony"; and (4) the county court "believe[d] that [she] wanted to seek relief due to the eviction."

In support of these issues, Player argues that the county court erred by granting Mansion at Mansfield's no-evidence summary judgment because although she had "emailed the defendant all evidence on March 10, 2023," she was unaware that she had to "send the evidence through the courts." She complains that she "did not have the chance to let the judge know that [she] had sent the evidence to the defendant's lawyer because [the judge] was so adamant about closing the case" and that if "the judge would have let [her] speak, then he could have corrected the error informing [her of] the proper way to send evidence, and [she] would have done so." According to Player, if she had not been "ambushed to mediation" at the summary-judgment hearing, she would have had "the proper time to go over everything that [she] had sent the defendant in regards to [its] no[-]evidence claims." Player further complains the judge would not let her "provide the facts to this case," "cut [her] off and did not

4

let [her] finish presenting the case," and "did not take time to listen to the weight of the evidence."

We have carefully reviewed Player's brief. While "[w]e are mindful of the difficulties that pro se litigants face," we cannot make Player's arguments for her. *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at * 3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.). And we have no duty to independently review the record and applicable law to determine whether the error complained of occurred. *Flores*, 2011 WL 2611140, at *2. Construing Player's brief liberally, as we must, we interpret her issues as challenging the trial court's granting Mansions at Mansfield's no-evidence summary-judgment motion.[1]

### III. Analysis

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020). If a nonmovant wants to assert that, based on the record evidence, a fact issue exists to defeat a no-evidence motion for summary judgment,

---

[1]Player does not address—and thus has not challenged—the trial court's awarding attorney's fees to Mansions of Mansfield.

5

the nonmovant must timely file a response to the motion raising this issue. *See* Tex. R. Civ. P. 166a(i); Judge David Hittner et al., *Summary Judgments in Texas: State and Federal Practice*, 62 S. Tex. L. Rev. 99, 213 (2022). Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *See Polecat Hill, LLC v. City of Longview*, 648 S.W.3d 315, 334 (Tex. App.—Texarkana 2021, no pet.).

Player failed to file with the trial court any response to Mansions at Mansfield's no-evidence motion.[2] When, as here, "the nonmovant fails to file a response and produce evidence, the nonmovant 'is restricted to arguing on appeal that the no-evidence summary judgment is insufficient as a matter of law.'" Hittner, *supra*, at 213 (quoting *Viasana v. Ward Cnty.*, 296 S.W.3d 652, 654–55 (Tex. App.—El Paso 2009, no pet.)); *see Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A no-evidence motion is legally insufficient if it is conclusory or fails to specifically challenge an essential element of a cause of action for which the nonmovant would have the burden of proof at trial. *Dean v. Aurora*

---

[2]Player states that she sent her response to Mansions at Mansfield's counsel but suggests that she did not know that she was required to file her response with the trial court. She states that if the trial court had informed her at the hearing of "the proper way to send evidence," she would have done so. But, as noted, even though Player is a pro se litigant, she is held to the same standards as a licensed attorney and is thus responsible for knowing and complying with the Texas Rules of Civil Procedure. *See Flores*, 2011 WL 2611140, at *2; *see also Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (stating that "[t]he right of self-representation (or being what is commonly called a pro se litigant), carries with it the responsibility to adhere to our rules of evidence and procedure").

*Bank, FSB*, No. 01-15-00827-CV, 2016 WL 7368057, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.); *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing Tex. R. Civ. P. 166a(i) & 1997 cmt.) Player has made no argument that Mansions at Mansfield's no-evidence motion was legally insufficient.

For these reasons, we overrule Player's four issues.

### IV. Conclusion

Having overruled Player's issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: March 28, 2024