COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



GLENN L. LEFFLER,


 Appellant,


v.


JP MORGAN CHASE BANK, N.A., f/k/a
BANK ONE, f/k/a FIRST USA BANK,
a/k/a CHASE BANK U.S.A., N.A.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00320-CV



Appeal from the


34th District Court


of El Paso County, Texas


(TC#2006-925)



O P I N I O N


 This is an appeal from the granting of a traditional and no-evidence motion for summary
judgment in favor of JP Morgan Chase Bank, N.A. (Chase or Appellee) in a suit alleging conversion,
negligence, breach of contract, fraud, and usury. Glenn L. Leffler (Leffler or Appellant) argues that
the trial court erred in granting summary judgment in favor of Chase. We affirm.

I. FACTUAL BACKGROUND

 Appellant sued Appellee on February 24, 2006 for conversion, negligence, breach of contract,
fraud, and usury. Appellant alleged he was double billed by the Appellee in 1996 in the amount of
$3,994.74 plus interest, late fees, and other amounts. Appellant had two credit card accounts with
Appellee; the first ended in 4425 and the second account in 8972. On or about June 6, 1996
Appellant requested that the balance on the 4425 account be transferred to the 8972 account. The
July 1996 statements for both accounts reflect the $3,994.74 transfer and reference the same
transaction number, F336600HC000C2156. The September 1996 statement for account 4425 shows
a subsequent charge for a balance transfer of $3,761.57 and has a reference number of
F336600JY000C4206. Although account 4425 was closed in June of 1996 after the balance transfer,
it could be charged on for a period of three months.

 Appellant alleged that the original balance transferred from account 4425 to account 8972
of $3,994.74 was charged back to account 4425 in the amount of $3,761.57 and that he repeatedly
requested that Chase remove the charge from account 4425. Appellant paid account 4425 in full in
December of 2003. On January 5, 2005, over a year later, Appellant sent a written request to
Appellee for the return of the double-billed funds; this request was denied in writing by the Appellee
on February 19, 2005. On February 24, 2006, Appellant filed suit. On December 14, 2006, Appellee
filed a Traditional and No-Evidence Motion for Summary Judgment. On July 31, 2007, the trial
court granted the summary judgment, without stating the grounds, and a take-nothing judgment was
entered. On appeal Appellant challenges the trial court's granting of the Traditional Motion for
Summary Judgment but does not challenge the granting of the No-Evidence Motion for Summary
Judgment.

II. DISCUSSION

 We review the granting of a summary judgment de novo. Valence Operating Co. v. Dorsett, 
164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215
(Tex. 2003). Summary judgments must stand on their own merits. Rhone-Poulenc, Inc. v. Steel, 
997 S.W.2d 217, 223 (Tex. 1999). When reviewing a summary judgment, we take as true all
evidence favorable to the nonmovant. See Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911
(Tex. 1997); Friendswood Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996); Wornick
Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). We indulge every reasonable inference and resolve
any doubts in the nonmovant's favor. See Science Spectrum, Inc., 941 S.W.2d at 911; Friendswood
Dev. Co., 926 S.W.2d at 282; Wornick Co., 856 S.W.2d at 733; Nixon v. Mr. Property Management
Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). On appeal, the movant still bears the burden of
showing that there is no genuine issue of material fact, and that the movant is entitled to judgment
as a matter of law. See Nixon, 690 S.W.2d at 548.

Traditional Summary Judgment

 Tex.R.Civ.P. 166a provides a method of summarily terminating a case when it clearly
appears that only a question of law is involved and that there is no genuine fact issue. See Swilley
v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972). The party moving for summary judgment carries the
burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter
of law. See Tex.R.Civ.P. 166a; Wornick Co., 856 S.W.2d at 733. The movant must establish its
right to summary judgment on the issues expressly presented to the trial court by conclusively
proving all elements of the movant's cause of action or defense as a matter of law. See Walker v.
Harris, 924 S.W.2d 375, 377 (Tex. 1996); Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995). A defendant moving for summary judgment on the affirmative defense of limitations has the
burden to conclusively establish that defense. See Velsicol Chem. Corp. v. Winograd, 956 S.W.2d
529, 530 (Tex. 1997).

No-Evidence Summary Judgment

 A no-evidence summary judgment under Rule 166a(i) is reviewed under a legal sufficiency
standard. Martinez v. Leeds, 218 S.W.3d 845, 848 (Tex.App.-El Paso 2007, no pet.); Wyatt v.
Longoria, 33 S.W.3d 26, 31 (Tex.App.-El Paso 2000, no pet.). The party moving for a no-evidence
summary judgment must assert that there is no evidence of one or more essential elements of a claim
or defense on which the nonmovant would have the burden of proof at trial. Martinez, 218 S.W.3d
at 848; see Tex.R.Civ.P. 166a(i). The moving party must specifically state the elements as to which
there is no evidence. Gray v. Woodville Health Care Center, 225 S.W.3d 613, 616 (Tex.App.-El
Paso 2006, pet denied); see Tex.R.Civ.P. 166a(i). The burden then shifts to the nonmovant to
produce evidence raising a fact issue on the challenged elements. Martinez, 218 S.W.3d at 848. To
raise a genuine issue of material fact, the nonmovant must set forth more than a scintilla of probative
evidence as to an essential element of his claim or defense. A no-evidence summary judgment is
properly granted if the plaintiff fails to bring forth more than a scintilla of probative evidence to raise
a genuine issue of material fact as to the challenged elements. Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70-71 (Tex.App.-Austin 1998, no pet.).

On Appeal

 Where the district court does not state the basis for granting summary judgment, the appellant
must negate all grounds that support the judgment. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471,
473 (Tex. 1995); State Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 381 (Tex. 1993);
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). If the appellant fails to negate each ground on
which the judgment may have been rendered, we must uphold the summary judgment. See Carr,
776 S.W.2d at 569; TGS-NOPEC Geophysical Co. v. Combs, 268 S.W.3d 637, 644
(Tex.App.-Austin 2008, pet. filed). When a ground upon which summary judgment may have been
rendered, whether properly or improperly, is not challenged, the judgment must be affirmed. 
Holloway v. Starnes, 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied).

 In this case the Appellee filed a No-Evidence and a Traditional Motion for Summary
Judgment. The trial court granted summary judgment without stating the basis for its ruling. 
Appellant's petition asserted claims of fraud, conversion, negligence, breach of contract, and usury. 
Appellee's No-Evidence Summary Judgment Motion specifically asserts that there was no evidence
on each element of every cause of action. On the fraud claim, the Appellee asserted that there was
no evidence that Appellee made a false material misrepresentation, that the Appellee made a false
representation when the Appellee knew the representation was false or made the representation
recklessly as a positive assertion and without knowledge of its truth, that the false representation was
made with the intent that Appellant act on it, that Appellant relied on the false material
representation made or that the fraudulent representation caused damage or injury to Appellant. On
the negligence claim, the Appellee asserted that there was no evidence to show that it breached a
duty to plaintiff or that it proximately caused any injury or damages. On the conversion claim, the
Appellee asserted that there was no evidence that Appellant owned, possessed, or had the right to
immediate possession of property, or that the property was personal property. On the breach of
contract claim, Appellee asserted that there was no evidence of a valid, enforceable contract between
the Appellant and Appellee, of a breach of that contract, or that the Appellant suffered any injury. 
On the usury claim, the Appellee asserted that there was no evidence that Appellee took, received,
reserved, or charged a rate of interest greater than is allowed by 12 U.S.C. § 85, or that the Appellee
knowingly took, received, reserved, or charged a rate of interest greater than is allowed by 12 U.S.C.
§ 85.

 In response to the No-Evidence Motion, the Appellant had the burden to produce more than
a scintilla of probative evidence to raise a genuine issue of material fact on each element specifically
challenged in the No-Evidence Motion. The Appellant's Response to the No-Evidence Motion states
that the Appellee was incorrect that there is no evidence and refers to the plaintiff's affidavit. The
Appellant's response does not specifically address each element challenged as is required by
Tex.R.Civ.P. 166a(i). Because the Appellant failed to raise a fact issue on each element of each
cause of action by producing more than a scintilla of probative evidence, the Appellant did not carry
his burden of overcoming the no-evidence summary judgment at trial. Martinez, 218 S.W.3d at 848.

 On appeal the Appellant was required to challenge both the traditional and the no-evidence
grounds upon which the summary judgment could have been granted; however, he does not
challenge the granting of the no-evidence summary judgment. Because the Appellant has failed to
raise a challenge to the granting of the summary judgment on no-evidence grounds, this issue is
waived on appeal, and we must affirm the summary judgment on those grounds. See Carr, 776
S.W.2d at 569. Because we affirm the trial court's ruling, we find it unnecessary to discuss the
statute of limitations arguments raised in the Traditional Motion for Summary Judgment.III. CONCLUSION

 We affirm the judgment of the trial court.


 GUADALUPE RIVERA, Justice


May 13, 2009


Before Chew, C.J., McClure, and Rivera, JJ.