In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00413-CV
_____

FIRST UNITED PENTECOSTAL CHURCH OF BEAUMONT D/B/A THE
ANCHOR OF BEAUMONT, F/K/A NEW LIFE TABERNACLE, Appellant

V.

LEIGH PARKER, Appellee

_____

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-191,999-B

_____

MEMORANDUM OPINION

First United Pentecostal Church of Beaumont d/b/a The Anchor of

Beaumont, f/k/a New Life Tabernacle ("the Church") appeals the trial court's order

granting a summary judgment in favor of appellee Leigh Parker. We affirm the

trial court's summary judgment.

1

BACKGROUND

The Church sued attorney Kip Lamb, Lamb Law Firm, Leigh Parker, and Lonnie C. Treadway for "the recovery of damages occasioned by (1) theft and embezzlement, (2) misapplication of funds by a fiduciary, (3) breach of fiduciary duty and knowing participation in the same, (4) fraud, (5) conspiracy, (6) legal malpractice, and (7) other wrongful conduct of [d]efendants." According to the Church's petition, the Church suffered property damage from Hurricane Rita, and Treadway was the Church's pastor and "chief executive and manager" at that time. Treadway eventually hired a law firm to file suit against the Church's insurance carrier, and the case subsequently settled in April 2008. The Church's petition stated that the Church's net recovery, after deduction of attorney's fees and expenses, was $1,094,611.02. To protect the funds from potential judgment creditors in another pending lawsuit against the Church and its staff, the Church "directed that the funds be deposited and held in trust by the Lamb Law Firm." The Church had hired Lamb Law Firm, Lamb, and Parker to represent Treadway in that lawsuit.

The Church contended that Parker was associated with Lamb or Lamb Law Firm, or, alternatively, that Parker, Lamb Law Firm, and Lamb "acted as a joint venture." Additionally, the Church alleged that Parker knowingly participated in

2

Lamb's breach of fiduciary duty and "consciously and intentionaly made misrepresentations to [the Church]" to conceal Lamb's theft of the funds belonging to the Church. The Church further alleged that Parker knowingly and willfully breached his duties of candor, honesty, and loyalty to the Church, or that Parker "willfully and with legal malice assisted, conspired with[,] and participated with Co-Defendants in conduct that breached the fiduciary duties owed to [the Church]." In his answer, Parker asserted a general denial, and he contended, among other things, that he was a contract attorney "working for Kip Lamb and/or the Lamb Law Firm" and, as such, "had no right or ability to control the trust fund of Kip Lamb, did not know when money was moved in or out of the trust account . . . [,] and did not have access to the books and records of the account." Parker also contended that "he did not learn that the $1.1 million was no longer in the trust account of Lamb until the summer of 2010," and that Lamb had spent the entire amount by the end of September 2009.

Parker filed a motion for summary judgment in July 2012, but the Church nonsuited Parker prior to the scheduled hearing on the motion. After the Church brought Parker back into the case in a subsequent petition, Parker filed a supplemental motion for both traditional and no-evidence summary judgment, incorporating his previous motion for summary judgment by reference. Parker's

3

original motion for summary judgment was, like his supplemental motion, a hybrid motion for summary judgment. In his initial motion for summary judgment, Parker contended that the Church had no evidence of at least one element of each of the seven causes of action the Church had asserted against Parker. Parker argued that, as a contract lawyer, he had no involvement in Lamb's trust account, never received any of the money the Church placed with Lamb, Lamb had spent the money before the end of 2009, and Parker did not know Lamb had spent the money until summer 2010. According to Parker, each of the causes of action asserted by the Church are torts, which require proof of causation, and the Church has no evidence that any of Parker's conduct caused the disappearance of the Church's money.

Parker attached as summary judgment evidence his affidavit, in which he averred that he was a contract lawyer, had no involvement with Lamb's trust account and could not transfer money into or out of the account, and he never received any of the money the Church placed with Lamb. Parker also stated in the affidavit that he first learned that the Church's money was no longer in Lamb's trust account during the summer of 2010. In addition, Parker stated in the affidavit that he should have investigated when he learned that the money was no longer in the trust account, but he did not, and he stated that he should have informed the

Church of the theft as soon as he learned of it rather than waiting until October 2011. Parker also attached bank records of deposits and withdrawals from Lamb's trust account from the time the Church's settlement funds were deposited, as well as a bank record indicating that Lamb was the only signatory on the trust account.

In its response to Parker's motion, the Church contended that genuine issues of material fact exist and asserted that Parker owed fiduciary duties to the Church. The Church argued that Parker's receipt of a profit or benefit created a presumption of unfairness that "shifts the burden of persuasion to the fiduciary or the party claiming the validity or benefits of the transaction to show that the transaction was fair and equitable to the beneficiary." The Church contended that "the summary judgment evidence establishes active concealment of the facts by Parker which constitute actionable fraud on his part as a joint tortfeasor with Lamb."

Attached to the Church's response was a sworn statement given by Parker on December 20, 2011, to which was attached as an exhibit a letter Parker wrote to the Church on October 5, 2011. In the sworn statement, Parker stated, "I lied . . . , and I'm very regretful for doing it." Parker also indicated that he should have investigated and reported the missing funds. When asked about his status with

respect to Lamb Law Firm, Parker stated that he and Lamb were "joint venturers together."

Parker's letter of October 5, 2011, stated that after he became aware that Lamb Law Firm no longer possessed the funds, he "had a duty to investigate and inform [the Church] that their funds were no longer there[,]" but he did not do so. In the letter, Parker stated that when the Church asked him in July 2011 when the Church could access the funds, Parker did not disclose that the funds were no longer in Lamb Law Firm's account, but he instead lied in the hope that anticipated funds from another project in which Lamb Law Firm was involved could be used to repay the Church. Parker explained in the letter that he had nothing to do with misappropriation of the Church's funds, but "when I discovered it, I did not report it, and worse, I covered it up in my lies to you and the church."

After conducting a hearing, the trial court signed an order that granted Parker's motion and referenced both traditional and no-evidence grounds. In its sole appellate issue, the Church argues that the trial court erred in granting Parker's motion for summary judgment "because the evidence raises questions of material fact as to the Church's claims against Parker." The Church only challenges the summary judgment with respect to its claims for breach of fiduciary duty, aiding and abetting, and joint enterprise.

ANALYSIS

When a party moves for both a traditional and a no-evidence summary judgment, we must first review the summary judgment under the no-evidence standards set forth in Rule 166a(i). *Martinez v. Leeds*, 218 S.W.3d 845, 849 (Tex. App.—El Paso 2007, no pet.) (citing *Ridgway*, 135 S.W.3d at 600). If the non-movant failed to produce more than a scintilla of evidence raising a genuine fact issue on the challenged elements of its claims, we need not address whether traditional summary judgment was proper. *Id*.

We review summary judgment orders *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We review the trial court's granting of a no-evidence motion for summary judgment under the standards set forth in Rule 166a(i). *See* Tex. R. Civ. P. 166a(i). To defeat a no-evidence summary judgment motion, the non-movant must produce summary judgment evidence that raises a genuine issue of material fact regarding each element challenged by the movant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The non-movant raises a genuine issue of material fact by producing more than a scintilla of evidence establishing the challenged element's existence. *Id*.; *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla

7

exists when the evidence is such that reasonable and fair-minded people can differ in their conclusions. *Ridgway*, 135 S.W.3d at 601. If "'the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.'" *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the non-movant has produced more than a scintilla of evidence, we view the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *Id.*; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).

As discussed above, the Church only challenges the summary judgment with respect to its claims for breach of fiduciary duty, civil conspiracy, joint enterprise, and aiding and abetting. Because the Church does not complain that summary judgment was improper as to its other claims, it has waived any error with regard to those claims. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-56 (Tex. 2001) (per curiam) (Grounds of error not asserted by issues or argument in the court of appeals are waived.).

We first turn to the Church's breach of fiduciary duty claim. To prove an action for breach of fiduciary duty, the plaintiff must establish "'the existence of a fiduciary duty, breach of the duty, causation, and damages.'" *Haden v. David J.*

8

*Sacks, P.C.*, 332 S.W.3d 503, 520 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.—Houston [1st Dist.] 2003, no pet.)). Parker contended in his motion for summary judgment that the Church produced no evidence of causation. The summary judgment evidence demonstrates that although Parker knew Lamb Law Firm was holding funds belonging to the Church, Parker did not know until almost a year later that the Church's money was no longer in the trust account. The Church produced no evidence that Parker participated in Lamb's theft of the money; rather, the Church only demonstrated that after the summer of 2010, Parker failed to investigate and participated in concealing the theft until October 2011, when Parker informed the Church that the funds were gone.

The Church contended that it had been damaged after the theft by losing a preferential construction loan and introduced evidence of Parker's admission that the Church had lost the loan. However, the Church did not establish that Parker's untimely disclosure, rather than Lamb's theft of the funds, caused the loss of the loan, nor did the Church introduce any summary judgment evidence indicating the amount of the loan. The Church failed to produce any evidence that its damages were caused by either Parker's failure to investigate or his untimely disclosure; therefore, the trial court did not err by granting summary judgment in favor of

Parker with respect to the Church's breach of fiduciary duty claim. *See Ridgway*, 135 S.W.3d at 600; *Forbes*, 124 S.W.3d at 172; *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (Pleadings do not constitute summary judgment evidence.).

We turn now to the Church's claim for civil conspiracy. To prove a claim for civil conspiracy, a plaintiff must demonstrate that the defendant was a member of a combination of two or more persons; the object of the combination was to accomplish an unlawful purpose; the members had a meeting of the minds on the object or course of action; one of the members committed an unlawful, overt act to further the object or course of action; and the plaintiff suffered injury as a proximate result of the wrongful act. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). The Church did not produce any evidence that Parker knew of Lamb's theft or participated in the theft, nor did the Church produce any evidence that Parker's failure to investigate the theft and failure to timely disclose the theft caused any of the Church's damages. The trial court did not err by granting summary judgment in favor of Parker as to the Church's civil conspiracy cause of action. *See id.*; *see also Ridgway*, 135 S.W.3d at 600; *Forbes*, 124 S.W.3d at 172; *Laidlaw Waste Sys.*, 904 S.W.2d at 660.

10

We now turn to the Church's joint enterprise claim. The elements of joint enterprise as a theory of liability are: (1) an express or implied agreement between the members of the group; (2) a common purpose to be carried out by the enterprise; (3) a community of pecuniary interest in that common purpose; and (4) an equal right to direct and control the enterprise. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). In its brief, the Church does not argue that Parker and Lamb participated in a joint enterprise to steal the Church's funds; rather, the Church argues that Parker and Lamb participated in a joint enterprise to conceal Lamb's theft of the funds. As discussed above, the Church failed to produce any evidence that any misrepresentation, failure to investigate, or untimely disclosure by Parker proximately caused its damages. Parker's summary judgment evidence demonstrated that he worked for Lamb Law Firm as a contract attorney, had no authority over the firm's trust account, was not a signatory to the account, and did not learn of the theft until the summer of 2010. Therefore, even if the Church had produced some evidence that Parker's conduct proximately caused its damages, the Church produced no evidence that Parker had an equal voice or right to control the direction of the enterprise. For all of these reasons, the trial court did not err in granting summary judgment in favor of Parker as to the Church's joint enterprise claim.

11

Lastly, we address the Church's claim for aiding and abetting. To establish aiding and abetting, the plaintiff must demonstrate that the defendant, with unlawful intent, substantially assisted and encouraged a wrongdoer in a tortious act. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996). Aiding and abetting is a dependent claim which is premised on an underlying tort. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001). Therefore, if the underlying tort fails, an aiding and abetting claim related to the failed tort likewise fails. *See id.* As we have previously explained, the trial court did not err in granting summary judgment in favor of Parker as to the Church's claims for breach of fiduciary duty, civil conspiracy, and joint enterprise because the Church failed to produce any evidence of at least one required element of each claim. The Church's aiding and abetting claim therefore likewise fails. *See id.*

We conclude that the trial court did not err in granting a no-evidence summary judgment in favor of Parker as to the Church's claims for breach of fiduciary duty, civil conspiracy, joint enterprise, and aiding and abetting. We need not address whether the trial court properly granted Parker's traditional summary judgment motion. *See Martinez*, 218 S.W.3d at 849; *see also* Tex. R. App. P. 47.1. We overrule the Church's sole issue and affirm the trial court's summary judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 12, 2015
Opinion Delivered August 13, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.

CONCURRING AND DISSENTING OPINION

I concur in the majority's opinion pertaining to civil conspiracy and aiding and abetting. However, I respectfully dissent with respect to the breach of fiduciary duty and joint venture claims.

In my opinion, when considering the summary judgment evidence in a light most favorable to the nonmovant, the summary judgment evidence in the record before us establishes more than a scintilla of evidence on genuine issues of material fact that would preclude granting a no-evidence summary judgment, and it creates a genuine issue of a material fact that would preclude the granting of a traditional motion for summary judgment on the Church's breach of fiduciary duty and joint venture liability claims.

More specifically, Parker's admissions as contained in his sworn statement, the statements he made in his letter of October 5, 2011, along with other exhibits referenced in Lamb's PSI report and Lamb's response to the PSI report, raise genuine issues of material fact as to whether Parker benefited from the misappropriation of the Church's money, whether Parker knowingly used or benefited from the use of such funds, whether the Church suffered damages as a result of Parker's wrongful conduct by losing an ability to recover some portion of its funds or by losing a preferential construction loan, and whether Parker was engaged in a "joint venture" with Lamb.

Appellee Parker stated in his Answer that "[t]he sole producing/proximate cause of the Church's damages was Lamb spending said money in 2008 and 2009[.]" In his

1

sworn statement, Parker described his relationship with Lamb as "joint venturers together." Parker later stated in his affidavit that he filed in support of his motion for summary judgment that he was only acting as a "contract lawyer." When conflicting inferences can be drawn from a party's summary judgment affidavit and earlier sworn testimony on a material issue, a fact issue is created that may defeat summary judgment. *Randall v. Dallas Power & Light Co*, 752 S.W.2d 4, 5 (Tex. 1988). Under a joint enterprise theory of liability, parties to a joint enterprise are agents of one another and liable for each other's negligent acts. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). If Parker was in a joint venture with Lamb, Parker would be liable for damages caused by Lamb's theft of funds, even absent evidence of damages caused specifically by Parker's actions alone. At a minimum, when considering the summary judgment evidence in a light most favorable to the nonmovant, the evidence raises a genuine issue of material fact concerning the scope of Parker's and Lamb's relationship and whether Parker was in a joint venture with Lamb.

Furthermore, evidence of damages is not required for a party who has been wronged by its attorney's breach of fiduciary duty with respect to a request for equitable relief such as disgorgement or forfeiture, provided the party sought such remedy in its pleadings. *See Burrow v. Arce*, 997 S.W.2d 229, 240 (Tex. 1999). As part of its requested relief, the Church sought not only a "return of . . . misappropriated funds" but also disgorgement of fees in its Original and Amended Petitions. Consequently, the Church's

2

cause of action for equitable relief need not fail for lack of evidence of damages directly or proximately caused by Parker's breach.[1]

In his October 2001 letter to the Church, Parker admitted that he lied to the Church and he offered the possibility that the Lamb Law Firm could repay the Church from an expected profit in "[o]ur Ghana project[.]" Parker admitted in his sworn statement and his affidavit in support of his motion for summary judgment that Lamb encouraged him to close the "Ghana deal" because they had to pay back the Church. The Church's response to Parker's motion for summary judgment raises a fact question regarding whether Parker profited from the misappropriation of the Church's funds, or from his decision to assist Lamb in the cover-up, and whether Parker proximately caused damages to the Church. *See generally Yap v. ANR Freight Sys., Inc.*, 789 S.W.2d 424, 425 (Tex. App—Houston [1st Dist.] 1990, no writ) ("The question of proximate cause is one of fact particularly within the province of the jury[.]"); *Taylor v. Sw. Bell Tel.*, 483 S.W.2d 330, 332 (Tex. App.—El Paso 1972, no writ) (discussing the "abundance of obstacles" to granting summary judgment where proximate cause is an issue). Therefore, I would reverse the summary judgment as to the breach of fiduciary duty claim and joint enterprise liability.

---

[1]In Parker's Second Amended Answer, Parker does not plead the affirmative defense of unclean hands or estoppel against the Church, which may, in certain circumstances, be a defense to equitable relief.

3

_____
                             LEANNE JOHNSON

Concurrence and Dissent
Delivered August 13, 2015

4