# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00097-CV

---

**Ulda Cassidy Landa, Appellant**

**v.**

**Bryan Kelly Rogers, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-20-004368, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Ulda Cassidy Landa appeals pro se from the trial court's final judgment dismissing her causes of action with prejudice under the Texas Citizens Participation Act (TCPA).[1] For the following reasons, we affirm the trial court's judgment.

## BACKGROUND

After the birth of Landa and Rogers's child in 2015, Landa and the child moved from Austin to Houston to live with Rogers in or around October 2015. Landa alleges that the move was part of a binding oral contract entered into by Rogers and her, pursuant to which she allegedly agreed to temporarily relocate to Houston with their newborn to live with Rogers for a

---

[1] Appellee Bryan Kelly Rogers also raised several issues concerning the trial court's denial of his Rule 91a motion to dismiss. Because we resolve this appeal on the TCPA dismissal grounds, we do not reach the Rule 91a challenge. *See* Tex. R. App. P. 47.1. After considering the briefing and arguments on appeal, we also deny Landa's Motion to Strike Appellee's Brief and her Opposed Motion Pursuant to Tex. R. App. P. 45.

period not to exceed one year, and in exchange Rogers agreed to not oppose any attempt by Landa to return to Austin with their child.[2] The parties' romantic and domestic relationship deteriorated, and ultimately Landa informed Rogers on or around August 10, 2016, that she would be separating from him.

On August 12, 2016, Landa filed a Suit Affecting the Parent-Child Relationship (SAPCR) in Harris County, requesting that she have the exclusive right to designate the primary residence of the child and that the residence be restricted to Travis County, Harris County, and their contiguous counties. Rogers filed his counterpetition approximately one month later, which, relevant here, requested that the child's residence be restricted only to Harris County and its contiguous counties. During the course of the SAPCR, the parties negotiated a Rule 11 agreement, participated in mediation, and entered into a mediated settlement agreement, which in relevant part awarded the right to designate the child's primary residence to Landa but included a geographic restriction of Harris County, Fort Bend County, and/or Montgomery County. The trial court entered an agreed order conforming to the settlement agreement on November 21, 2017, which included a similar geographic restriction.

On September 8, 2020, Landa filed a pro se civil lawsuit against Rogers in Travis County, which relevant to the present appeal, alleged that Rogers breached the parties' oral contract by opposing the inclusion of Travis County as part of the residence restriction in the SAPCR proceeding; that Rogers further injured her through his statements and filings relating to the Rule 11 agreement, the settlement agreement, and the agreed order; and (in later filings) that Rogers had misled the SAPCR court through certain statements and filings concerning his

---

[2] Landa further claimed that their oral contract included a "hybrid Limited Covenant Not to Sue and NDA" that prohibited Rogers from excluding Travis County as the child's residence in any future suit affecting the parent-child relationship.

2

property ownership, income, and employment. Landa amended her lawsuit several times, but as of her third amended petition[3] (her live pleading at the time of the TCPA dismissal hearing), she asserted causes of action for breach of contract,[4] fraud, fraudulent inducement, civil conspiracy, breach of duty of good faith and fair dealing, false imprisonment, and intentional infliction of emotional distress.

Rogers was served with citation and the original petition on September 15, 2020. On November 10, 2020, Rogers served his Motion to Dismiss and Notice of Hearing on Landa and attempted to electronically file the motion; his motion requested that the trial court dismiss all causes of actions pursuant to Rule 91a of the Texas Rules of Civil Procedure and the TCPA. Although Rogers received a contemporaneous email showing electronic submission, Rogers subsequently learned on November 30 that the submission had failed and the district court had not received his motion. Rogers subsequently resubmitted the motion, successfully filing it on December 1, and separately filed a motion requesting the trial court correct the file-stamp date for his dismissal motion or extend all applicable deadlines.

On January 6, 2021, the trial court held a hearing on both of Rogers's motions. The trial court heard Rogers's arguments in support of his motion to correct the file-stamp date or alternatively amend all applicable deadlines, and when the trial court asked Landa whether she had any objections to the motion, Landa responded, "No Your Honor." The trial court thereafter

---

[3] Although the third amended petition contained in the record is file stamped April 2, 2021 (i.e., almost two months after the trial court's order of dismissal), the parties do not dispute that the third amended petition was properly served on December 9, 2020, and was the operative pleading at the time of the TCPA dismissal hearing.

[4] Landa's third amended petition omitted promissory estoppel as a separate cause of action (even though it had been previously included in earlier petitions). On appeal, Landa argues she was still asserting a promissory estoppel claim as of the time of the dismissal hearing.

3

granted the motion, clarifying that the court was "not changing the dates" but was "giv[ing] [Rogers] the time you need in addition." The trial court then heard from the parties on the dismissal motion and took the motion under advisement.

On February 4, 2021, the trial entered an order granting Rogers's motion in part and finding that Landa's claims are based on or in response to Rogers's exercise of his right to petition, that Landa had failed to establish by clear and specific evidence a prima facie case for each essential element of her claims, and that the action was brought to deter or prevent Rogers from exercising his constitutional rights and was for an improper purpose. The trial court thereafter dismissed all of Landa's claims with prejudice under the TCPA and awarded Rogers attorneys' fees, contingent attorneys' fees, court costs, and a $100 sanction, which the trial court found "is sufficient to deter [Landa] from bringing similar action in the future."[5] Landa timely filed her notice of accelerated appeal, and this appeal followed.

## STANDARD OF REVIEW

We review a trial court's ruling on a TCPA motion to dismiss de novo. *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 182 (Tex. App.—Austin 2020, no pet.). Insofar as that ruling turns on issues of statutory construction, we also review those issues de novo, "mindful that the Legislature has directed us to construe the TCPA liberally to effectuate its purpose and intent." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 27.011(b)).

---

[5] Although the TCPA dismissal applied to all of Landa's claims, Rogers's motion was granted "in part" because Rogers's motion requested dismissal pursuant to both the TCPA and Rule 91a. The trial court's order does not expressly address Rogers's Rule 91a grounds, but the order did state that "[a]ll relief not expressly granted herein is DENIED."

4

**DISCUSSION**

The TCPA "protects citizens who [associate,] petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015)); *see also* Tex. Civ. Prac. & Rem. Code § 27.002 (describing TCPA's purpose). "To effectuate this purpose, the TCPA allows a party to move for expedited dismissal of 'claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights.'" *RigUp*, 613 S.W.3d at 181 (quoting *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam)).

A court undertakes a three-step analysis when reviewing a TCPA motion to dismiss. *Id.* at 181–82. First, the moving party bears the initial burden of demonstrating that the nonmovant's legal action "is based on or is in response to" the movant's exercise of certain constitutional rights—rights of free speech, petition, and association—or certain statutorily defined creative endeavors. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant meets his burden of showing the TCPA applies, then the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant satisfies her burden of presenting a prima facie case, then the burden shifts back to the movant "to prove each essential element of a valid defense to the nonmovant's claim by a preponderance of the evidence." *RigUp*, 613 S.W.3d at 181–82 (citing Tex. Civ. Prac. & Rem. Code § 27.005(d)).

The trial court must consider "the pleadings, evidence a court could consider under [a summary judgment review], and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). Furthermore,

5

the pleadings, evidence, and affidavits must be viewed in the light "most favorable to the nonmovant." *RigUp*, 613 S.W.3d at 182.

Landa raises ten issues on appeal concerning the dismissal under the TCPA, which broadly fall into three categories: procedural challenges (issues one through five), substantive challenges (issues six and seven), and challenges to the attorney's fees and sanction awards (issues eight through ten). We address each category in turn.

***TCPA procedural challenges***

In her first issue, Landa contends that the trial court's dismissal order was "the functional equivalent of a general demurrer," which is expressly precluded under Rule 90 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 90 ("General demurrers shall not be used."). But an order entered by the trial court is not a general demurrer. *See In re Shire PLC*, 633 S.W.3d 1, 11–12 (Tex. App.—Texarkana 2021, no pet.) (orig. proceeding) (explaining that "general demurrers" were originally responses filed by defendants asserting that "the plaintiff's petition [was] wholly insufficient in law to state any cause of action against the defendant" (quoting 2 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 9.24[b] (2d ed. 2021))). Landa also contends that Rogers was required to assert special exceptions before the trial court could dismiss her causes of actions under the TCPA, but Landa cites precedent solely from before "the [L]egislature enacted the TCPA in 2011." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 10 (Tex. 2018), *as corrected on denial of reh'g* (Dec. 21, 2018) (citing *Citizens Participation Act*, 82d Leg., R.S., ch. 341, §§ 1–4, 2011 Tex. Gen. Laws 961 (codified at Tex. Civ. Prac. & Rem. Code §§ 27.001–.011)); *see also, e.g.*, *Greenstein v. Baggett*, No. 05-09-00640-CV, 2010 WL 4119023, at *2 (Tex. App.—Dallas Oct. 21, 2010, no pet.)

6

(mem. op.); *Centennial Ins. Co. v. Commercial Union Ins. Co.*, 803 S.W.2d 479, 481, 482 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi–Edinburg 1990, no writ); *Hajdik v. Wingate*, 753 S.W.2d 199, 202 (Tex. App.—Houston [1st Dist.] 1988). Furthermore, Landa cites to no authority, and we have not found any, that requires a defendant to assert special exceptions before the defendant may pursue a TCPA dismissal. *Cf. Ruth v. Crow*, No. 03-16-00326-CV, 2018 WL 2031902, at *3 (Tex. App.—Austin May 2, 2018, pet. denied) (mem. op.) (concluding no error when trial court acted on Rule 91a motion to dismiss even though defendant did not plead any special exceptions). The TCPA prescribes in detail the procedure a party must follow to seek dismissal of claims, and asserting special exceptions is not required under the relevant statutory provisions. *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001–011. We overrule Landa's first issue.

In her second and third issues, Landa argues that Rogers's TCPA motion failed to specifically challenge the elements of her claims, that the burden therefore shifted to Rogers "by default," and that she was not put "on notice that [she] needed to come forward with evidence to support any of [her] claims to avoid a TCPA dismissal." However, Rogers's dismissal motion expressly argues that Landa could not establish a prima facie case for her claims. Moreover, the TCPA itself establishes the burden-shifting framework. Under that framework, once Rogers demonstrated by a preponderance of the evidence that the action is based on or in response to his exercise of one of the enumerated rights, *see* Tex. Civ. Prac. & Rem. Code § 27.005(b), the burden then shifted to Landa to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question" to avoid dismissal, *id.* § 27.005(c); *see also Morrison v. Profanchik*, 578 S.W.3d 676, 679–80 (Tex. App.—Austin 2019, no pet.). Here, the trial court found that Rogers showed by a preponderance of evidence that Landa's claims are

based on or are in response to Rogers's exercise of his right to petition, thereby shifting the burden to Landa to establish a prima facie case for each of her claims. We overrule Landa's second and third issues.

In her fourth issue, Landa argues the trial court erred by failing to grant her leave to amend her pleadings to cure defects. After Rogers filed his dismissal motion, Landa served her third amended petition on December 9, 2020, which was the operative pleading at the time of January 6, 2021 hearing. Rule 63 of the Texas Rules of Civil Procedure generally allows a party to freely amend their pleadings except that a party must obtain leave of the court to file an amended pleading within seven days "of the date of trial." Tex. R. Civ. P. 63. Landa filed a motion for joinder of additional parties and a continuance of the hearing on December 23, 2020 (i.e., fourteen days before the hearing), but she did not amend her pleadings at that time.[6] She then included language in her amended opposition to the motion to dismiss, filed on December 31, that she sought leave to amend her petition, but she did not attach a proposed amended petition. The trial court did not abuse its discretion in denying her motion. *Cf. Sunsinger v. Perez*, 16 S.W.3d 496, 502 (Tex. App.—Beaumont 2000, pet. denied) (concluding trial court did not abuse discretion by not granting leave to amend petition when proposed amended petition was not prepared or filed at time trial court granted summary judgment). We overrule Landa's fourth issue.

In her fifth issue, Landa complains that Rogers did not timely file his TCPA motion. A motion to dismiss under the TCPA must be filed "not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(b). The parties do

---

[6] The trial court addressed that motion at the January TCPA hearing but declined to rule on it, explaining that "you haven't done sufficient work to get this other thing filed in time."

8

not dispute that Rogers was served on September 15, 2020, making his TCPA motion deadline on November 14. Evidence in the record shows Rogers attempted to file his TCPA motion on November 10 but later discovered that the submission failed due to a technical failure with his electronic-filing service provider. *See* Tex. R. Civ. P. 21(f)(5) (providing that "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider" with certain non-relevant exceptions). Rogers's motion therefore was not filed until December 1, 2020, when Rogers resubmitted the motion upon learning of the technical error.

However, Rogers moved to extend his filing deadlines, relying on both Rule 21(f)(6) of the Texas Rules of Civil Procedure and the "good cause" extension under the TCPA. *See id.* R. 21(f)(6) (authorizing party to "seek appropriate relief from the court" when "a document is untimely due to a technical failure or a system outage"); Tex. Civ. Prac. & Rem. Code § 27.003(b) (providing that "the court may extend the time to file a motion under this section on a showing of good cause"). The trial court considered the motion at the TCPA hearing, and after Landa raised no objection, the trial court granted the motion and extended the relevant filing deadline. Because the trial court granted the extension request, which was unopposed by Landa at the hearing, the court did not abuse its discretion in considering the TCPA motion. *See* Tex. R. Civ. P. 21(f)(6); Tex. Civ. Prac. & Rem. Code § 27.003(b). We overrule Landa's fifth issue.

### *TCPA substantive challenges*

In her sixth and seven issues, Landa contends that the trial court erred when it dismissed her claims under the TCPA.

We first determine whether Rogers met his initial burden. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b); *RigUp*, 613 S.W.3d at 181–82. Landa contends that Rogers failed to demonstrate that the TCPA applies to all her causes of action. Rogers argues that the TCPA applies because all Landa's causes of action are based on or are in response to his exercise of his right to petition. "A party may invoke the TCPA dismissal procedure if the party shows by a preponderance of the evidence that the legal action" is based on or is in response to the movant's exercise of one of several constitutional rights, including the right to petition. *See Youngkin*, 546 S.W.3d at 680; *see also* Tex. Civ. Prac. & Rem. Code § 27.005(b). Under the TCPA, a party exercises their right to petition when they make, among other things, "a communication in or pertaining to . . . a judicial proceeding," Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i), or "a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding," *id.* § 27.001(4)(B). We have previously explained that the "judicial proceeding" must be "an actual, pending judicial proceeding" to qualify as an "exercise of the right to petition" under the TCPA. *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 220 (Tex. App.—Austin 2017, no pet.). Moreover, a "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic," Tex. Civ. Prac. & Rem. Code § 27.001(1), and may include both private and public communications, *see ExxonMobil Pipeline*, 512 S.W.3d at 899.

Based on the live pleadings and the record before us, Rogers has demonstrated that Landa's claims are based on or in response to his exercise of his right to petition. Even when viewing the pleadings and the evidence in the light most favorable to Landa, each of her

10

causes of action are inextricably tied to, and are based on and in response to, the filings and statements made by Rogers in the previous SAPCR proceeding. Landa expressly concedes as much throughout her pleading and briefing, when she points to various actions by Rogers in the SAPCR proceeding (filing his counterpetition, seeking discovery requests, submitting testimony, filing exhibits and/or documents) and documents entered into by the parties or the SAPCR court (the Rule 11 agreement, the mediated settlement agreement, and the final agreed order) as the basis for the claims she asserts in the present dispute. *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). Although she alleges that Rogers's initial promise occurred one year before the SAPCR commenced, *see Long Canyon*, 517 S.W.3d at 220, we cannot say that her claims are based solely on that single allegation in a vacuum, *see Weller v. MonoCoque Diversified Interests, LLC*, No. 03-19-00127-CV, 2020 WL 3582885, at *4 (Tex. App.—Austin July 1, 2020, no pet.) (mem. op) (explaining that TCPA does not apply to claims based entirely on unprotected activity). Rather, each of her causes of action necessarily rely on, and are inextricably intertwined with, allegations and evidence concerning Rogers's subsequent communications made in, or pertaining to, the SAPCR proceeding. *See Youngkin*, 546 S.W.3d at 681 (applying TCPA when nonmovant made communications in judicial proceeding by reciting Rule 11 Agreement in open court). Rogers has therefore satisfied his initial burden of demonstrating that Landa's causes of action are "based on" or "in response to" his exercise of his right to petition in the previous SAPCR proceeding. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). Accordingly, the TCPA applies to Landa's causes of action.[7] *See RigUp*, 613 S.W.3d at 181–82.

---

[7] On appeal, Landa contends that the TCPA should not apply to her fraud and fraudulent inducement claims because of the common law fraud exemption. *See* Tex. Civ. Prac. & Rem.

11

Because Rogers satisfied his initial burden, the burden then shifted to Landa to establish by "clear and specific evidence a prima facie case for each essential element" of her causes of action. Tex. Civ. Prac. & Rem. Code § 27.005(c). "Clear and specific evidence" concerns the quality of evidence and means the evidence should be "free from doubt," "sure," "unambiguous," and "explicit." *RigUp*, 613 S.W.3d at 189–90 (quoting *Lipsky*, 460 S.W.3d at 590). A "prima facie case" concerns the amount of evidence necessary to satisfy the nonmovant's burden, *id.*, and "refers to evidence sufficient as a matter of law to establish a given fact if not rebutted or contradicted," *Lipsky*, 460 S.W.3d 590. That is, a "prima facie case" is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *RigUp*, 613 S.W.3d at 189–90 (quoting *Lipsky*, 460 S.W.3d at 590). "Although the trial court may consider pleadings as evidence under the TCPA, and the nonmovant plaintiff may satisfy its prima-facie burden using circumstantial evidence, the Act does require more than 'mere notice pleading.'" *Id.* (quoting *Lipsky*, 460 S.W.3d at 590–91) (citations omitted). "[G]eneral allegations that merely recite the elements of a cause of action[, ]will not suffice." *In re Lipsky*, 460 S.W.3d at 590–91. Consequently, "clear and specific evidence" means that "the plaintiff must provide enough detail to show the factual basis for its claim." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (quoting *Lipsky*, 460 S.W.3d at 591).

---

Code § 27.010(a)(12) (exempting "a legal action based on a common law fraud claim" from TCPA). However, Landa did not raise that exemption before the trial court, and therefore has failed to preserve this argument on appeal. *See Thoman v. Roofing Contractors Ass'n of Tex.*, No. 03-19-00476-CV, 2020 WL 3526352, at *3 (Tex. App.—Austin June 30, 2020, no pet.) (mem. op.) (concluding party waived commercial-speech exemption because party failed to argue it to trial court); *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 206 n.75 (Tex. App.—Austin 2017, pet. dism'd) (same); *see also Lister v. Walters*, 247 S.W.3d 381, 383 n.1 (Tex. App.—Texarkana 2008, no pet.) (noting that pro se party must comply with applicable procedural rules and "is held to the same standard as a licensed attorney").

On appeal, Landa argues that she showed a prima facie case for seven causes of action: (1) Breach of Contract, (2) Fraud, (3) Fraudulent Inducement, (4) Civil Conspiracy, (5) Breach of Duty of Good Faith and Fair Dealing, (6) False Imprisonment, and (7) Intentional Infliction of Emotional Distress.[8] We address each in turn.

Landa first asserts a claim for breach of contract, which requires showing "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018). Landa argues that she and Rogers entered into a valid oral contract regarding her temporarily moving to Houston so long as Rogers did not prevent her and their child from returning to Austin; that she moved to Houston; that Rogers breached their agreement by taking actions in the subsequent SAPCR proceeding that would exclude Travis County from the geographic restriction governing the child's primary

---

[8] Although Landa advances arguments that she also presented a prima facie case for a promissory estoppel claim, Landa's third amended petition omitted the promissory estoppel claim as a separate, independent cause of action, even though she had previously asserted that cause of action in earlier pleadings. *See FKM P'ship, Ltd. v. Board of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) ("Our rules provide that amended pleadings and their contents take the place of prior pleadings." (citing Tex. R. Civ. P. 65)). Landa had therefore nonsuited that cause of action at the time of the TCPA hearing. *See, e.g.*, *Superior HealthPlan, Inc. v. Badawo*, No. 03-18-00691-CV, 2019 WL 3721327, at *4 n.4 (Tex. App.— Austin Aug. 8, 2019, no pet.) (mem. op.) (noting plaintiff dropped claim "by omission" in amended pleading). Even assuming Landa could demonstrate a prima facie case for promissory estoppel, the trial court properly dismissed that claim because it sought to relitigate the geographic restriction previously litigated in the SAPCR and was therefore barred by collateral estoppel (one of the affirmative defenses raised by Rogers in his answer and TCPA motion below, as well as in his briefing on appeal). *See* Tex. Civ. Prac. & Rem. Code § 27.005(d) ("[T]he court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law."); *see also Johnson & Higgins of Tex. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 521 (Tex. 1998) (stating collateral estoppel applies "even though the subsequent suit is based upon . . . different cause[s] of action" ).

residence; and that she incurred legal expenses and costs, attorney's fees, medical expenses, and a loss of her liberty because she could not establish Austin as the child's primary residence. Even assuming Landa has demonstrated a prima facie case for the other elements of a breach of contract claim, Landa has not shown by clear and specific evidence that the damages she incurred were the result of the alleged breach. *See, e.g.*, *Gensetix, Inc. v. Baylor Coll. of Med.*, 616 S.W.3d 630, 645 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd) (explaining that breach of contract damages "compensate for any loss or damage actually sustained as a result of that breach" and seek to "restore the injured party to the economic position it would have occupied had the contract been performed"). That is, the alleged breach by Rogers meant that the parties pursued the SAPCR in Harris County, rather than Travis County. But the venue of the SAPCR proceeding was not itself determinative of the geographic restriction placed on the child's residence in the agreed order; rather, that restriction was negotiated and agreed upon by the parties themselves. Similarly, there is no clear and specific evidence in the record demonstrating that those legal costs, attorney's fees, medical costs, and the "restraints" on Landa were caused by the SAPCR being heard in Harris County or the geographic restriction. At most, Landa has provided conclusory statements and opinion that she would not have incurred those fees and costs. *See Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 882 (Tex. App.—Austin 2018, pet. denied) ("Conclusory statements and bare baseless opinions are not probative and accordingly do not establish a prima facie case."). Landa has therefore failed to establish a prima facie case for her claim of breach of contract.

Landa's second and third claims are fraud and fraudulent inducement, alleging that Rogers made false material representations to coerce plaintiff into moving to Houston and/or entering into the alleged oral contract. Fraud and fraudulent inducement share the same basic

14

elements: "(1) a material misrepresentation, (2) made with knowledge of its falsity or asserted without knowledge of its truth, (3) made with the intention that it should be acted on by the other party, (4) which the other party relied on and (5) which caused injury." *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018); *see also JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*, 546 S.W.3d 648, 653 (Tex. 2018) (stating fraud elements). Fraudulent inducement also requires the existence of a contract. *See Anderson*, 550 S.W.3d at 614. However, Landa has only restated the "knowledge of its falsity" element in her pleading, *see In re Lipsky*, 460 S.W.3d at 590–91 ("[G]eneral allegations that merely recite the elements of a cause of action[ ]will not suffice[.]"), and the record does not contain any clear and specific evidence of that element. Landa has therefore failed to provide clear and specific evidence as to every element of her fraud claims.

Fourth, Landa asserts a claim for civil conspiracy, alleging that Rogers and his family members engaged in a conspiracy to make sworn statements and to file fraudulent documents in the SAPCR proceeding to cause the geographic restriction to exclude Travis County. The elements of a civil conspiracy are "(1) a combination of two or more persons; (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) the plaintiff suffered injury as a proximate result of the wrongful act." *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied). Landa has not established clear and specific evidence of the specific tort underlying her civil conspiracy claim. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 143 (Tex. 2019) (explaining that civil conspiracy claims are based on underlying tort); *see also Brumfield v. Williamson*, 634 S.W.3d 170, 207 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (explaining civil conspiracy is "a derivative

15

tort" and party's liability depends on underlying tort). Landa complains that Rogers did not disclose drug-test results as promptly as she believed was required during the SAPCR proceeding but has failed to show clear and specific evidence how such activity constituted a tortious act or caused her injury. Landa also references assorted printouts from the Harris County Appraisal District concerning certain property, a spreadsheet she created referencing different real-estate-related documents that she believes are fraudulent or forged, and an expert report opining that some of the real-estate filings may have been signed by a person other than Rogers. But beyond her own conclusions, there is no clear and specific evidence that the documents demonstrate an unlawful act, that the "object or course of action" of the discussed actions was directed at the SAPCR proceeding, or how those purported actions injured her when the geographic restriction excluding Travis County was agreed to by the parties in the SAPCR proceeding. *See In re Lipsky*, 460 S.W.3d at 592 ("Bare, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA."). Landa has failed to establish a prima facie case for civil conspiracy.

Fifth, Landa alleges that she and Rogers had a special relationship (either as parents of a shared child or as parties to an oral contract relating to their child) and therefore Rogers breached a duty of good faith and fair dealing through his actions in the SAPCR. However, "[t]he Texas Supreme Court has specifically rejected the implication of a general duty of good faith and fair dealing in all contracts," *Saucedo v. Horner*, 329 S.W.3d 825, 831–32 (Tex. App.—El Paso 2010, no pet.), and Landa fails to cite any authority that such a duty applies here. Landa has therefore failed to establish a prima facie case for breach of duty of good faith and fair dealing.

16

Sixth, Landa alleges that Rogers "has willfully confined" her through operation of the agreed order requiring their child to reside in Montgomery County, Harris County, or Fort Bend County. A false imprisonment claim requires showing (1) willful detention, (2) without consent, and (3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Even assuming for the sake of argument that Landa has been detained, she agreed to that geographic restriction as part of the final agreed order, and she is being "detained" pursuant to a court order. *Cf. Martinez v. English*, 267 S.W.3d 521, 529 (Tex. App.—Austin 2008, pet. denied) ("If an arrest or detention is executed under process which is legally sufficient in form and duly issued by a court of competent jurisdiction—where an arrest is made pursuant to a valid arrest warrant, for example—there is no cause of action for false imprisonment."). Landa has failed to establish a prima facie case for false imprisonment.

Finally, Landa asserts a cause of action for intentional infliction of emotional distress. To state a prima facie case of intentional infliction of emotional distress, Landa must provide clear and specific evidence that "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *See Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 814 (Tex. App.—Austin 2017) (quoting *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020)). Landa references a litany of alleged actions by Rogers and his family members that she alleges constitutes "extreme and outrageous" behavior, but those actions—such as seeking discovery and filing documents during the SAPCR—are not clear and specific evidence of conduct "[b]eyond all possible bounds of decency" and "utterly intolerable in a civilized community." *Vaughn v. Drennon*, 372 S.W.3d 726, 732 (Tex. App.—Tyler 2012, no pet.). Moreover, Rogers refers to a single emergency room visit in which she was

17

treated for stress-related symptoms, but otherwise has failed to provide clear and specific evidence that the emotional distress she suffered is sufficiently "severe." *See id.* (explaining that severity of emotional distress must be "more than mere worry, anxiety, vexation, embarrassment, or anger" and must go to "a substantial disruption in [their] daily routine").[9] Landa has therefore failed to carry her burden of establishing a prima facie case for intentional infliction of emotion distress.

Based on the live pleadings and record before us, Landa has failed to establish by clear and specific evidence a prima facie case for any of her claims. The trial court therefore did not err by dismissing her legal action under the TCPA.[10] *See* Tex. Civ. Prac. & Rem. Code

---

[9] In her briefing, Landa contends that Rogers also subjected her to sexual assault, reproductive coercion, and domestic violence between 2014 and the summer of 2016, prior to the filing of the SAPCR. But her intentional infliction of emotional distress claim, as pled in her third amended petition, does not refer to any of those allegations as the basis for her claim; rather, the cause of action describes actions taken by Rogers during and after the SAPCR. Landa also has not demonstrated how those allegations (or her references to her other causes of action) can serve as the basis for an intentional infliction of emotional distress claim when "the gravamen of a plaintiff's complaint is really another tort." *See Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 814 (Tex. App.—Austin 2017) (quoting *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)), *aff'd*, 611 S.W.3d 1 (Tex. 2020); *see also id.* (explaining intentional infliction of emotional distress is "gap-filler" tort only available when "a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress" (quoting *Hoffman-La Roche*, 144 S.W.3d at 447)).

[10] The trial court also properly dismissed the claims for breach of contract, fraud, fraudulent inducement, and promissory estoppel because Rogers has established that those claims are barred by collateral estoppel, even if Landa had asserted a prima facie case for each claim. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d) ("[T]he court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law."); *see also Center Equities, Inc. v. Tingley*, 106 S.W.3d 143, 152 (Tex. App.—Austin 2003, no pet.) (stating elements for "collateral estoppel" as "(1) the facts sought to be litigated in the second lawsuit were fully and fairly litigated in the first lawsuit; (2) those facts were essential to the judgment in the first lawsuit; and (3) the parties were cast as adversaries in the first lawsuit"). Each of those claims seeks to relitigate the geographic restriction or the other provisions of the final agreed order entered (and/or the Rule 11 agreement and mediated settlement agreement agreed to by the

§ 27.005(c) (preventing dismissal only if non-movant establishes prima facie case for challenged claims). We therefore overrule her sixth and seventh issues.[11]

### TCPA attorney's fees and sanction awards

In her eighth, ninth, and tenth issues, Landa challenges the attorney's fees and sanctions awards pursuant to the TCPA made by the trial court in its order of dismissal.

In her eighth issue, Landa contends she requested findings of facts and conclusions of law concerning the sanctions award on February 9, 2021, but that the trial court never made such factual findings even though required to do so under Section 27.007 of the TCPA. Section 27.009(a)(2) provides that a trial court "may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions" as part of the dismissal. Tex. Civ. Prac. & Rem. Code § 27.009(a)(2). Although Landa argues that findings are required under Section 27.007, that provision only applies when the court finds under Section 27.009(b) that the motion to dismiss "is frivolous or solely intended to delay" and therefore awards court costs and reasonable attorney's fees to the nonmovant. *See* Tex. Civ. Prac. & Rem. Code § 27.007(a) (conditioning requirement to issue findings on "the court

---

parties) in the previous SAPCR proceeding between these same parties. Those causes of action are therefore barred because they seek to relitigate issues previously litigated "even though the subsequent suit is based upon . . . different cause[s] of action." *Johnson & Higgins of Tex. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 521 (Tex. 1998); *see also* Tex. Fam. Code § 155.001(a),(c) (providing that previous trial court acquired "continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order").

[11] Because the trial court properly dismissed Landa's claims pursuant to the TCPA, we need not address Rogers's alternative argument on appeal that the causes of action should have been dismissed pursuant to his Rule 91a motion to dismiss. *See* Tex. R. App. P. 47.1.

award[ing] sanctions under Section 27.009(b)"); *id.* § 27.009(b). The trial court's order expressly states that it determined that the sanctions award against Landa was "sufficient to deter the party who brought the legal action from bringing similar actions in the future." *See* Tex. Prac. & Rem. Code § 27.009(a)(2). We therefore overrule Landa's eighth issue.

In her ninth issue, Landa complains that the trial court awarded Rogers attorney's fees without allowing her the opportunity to respond or challenge the reasonableness of those amounts. We review a trial court's award of attorney's fees under the TCPA for an abuse of discretion. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). This inquiry is not whether the appellate court would have ruled differently, but whether the trial court acted arbitrarily and unreasonably; that is, without reference to any guiding principles. *See Campone v. Kline*, No. 03-21-00406-CV, 2022 WL 17835231, at *2–3 (Tex. App.—Austin Dec. 22, 2022, no pet. h.) (mem. op.) (citing *Low v. Henry*, 221 S.W.3d 609, 614, 620 (Tex. 2007)).

A successful motion to dismiss under the TCPA entitles the moving party to "court costs and reasonable attorney's fees incurred in defending against the legal action." Tex. Civ. Prac. & Rem. Code § 27.009(a)(1). The party seeking attorney's fees must prove the amount and reasonableness of the fees sought, which at a minimum includes "documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012). A "reasonable" attorney's fees award "is one that is not excessive or extreme, but rather moderate or fair." *Sullivan*, 488 S.W.3d at 299 (quoting *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)). The reasonableness of the fees is generally a question of fact and rests within the sound discretion of the trial court. *Campone*, 2022 WL 17835231, at *2–3. The trial

court abuses its discretion if the ruling is not supported by any evidence. *See Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).

Landa complains that Rogers submitted no evidence or insufficient evidence, which she describes as a "heavily redacted" exhibit to the motion to dismiss, in support of his attorney's fees request.[12] We construe this as a challenge to the legal sufficiency of the evidence supporting the fee award. *See Campone*, 2022 WL 17835231, at *3 (explaining that legal sufficiency challenge requires demonstrating that there is no evidence supporting trial court's finding). Contrary to Landa's arguments, Rogers attached a declaration by his legal counsel to his motion to dismiss, which included time entries detailing the work completed on the motion to dismiss, the attorney who billed the time, the time spent, and their hourly rates. *See* Tex. Civ. Prac. & Rem. Code § 132.001 (authorizing unsworn declaration to be used in lieu of sworn affidavit). Each of those time entries concern legal work completed by Rogers's attorneys as part of the underlying matter. *See id.* § 27.009(a)(1) (authorizing attorney's fees "incurred in defending against the legal action"). That evidence was uncontroverted by Landa, either in her briefing below or at the hearing on the motion to dismiss.

Landa complains that the fee award was in excess of the total fee amount listed in the exhibit, but the evidence before the trial court shows that the difference corresponded to the additional three hours Rogers's attorneys estimated for preparing for and attending the hearing. *See, e.g.*, *In re D.J.E.*, No. 10-12-00028-CV, 2013 WL 594021, at *5 (Tex. App.—Waco Feb. 14, 2013, no pet.) (mem. op.) (concluding evidence supported fee award that included fees derived from "estimates for the time spent in the final hearing"). She also takes issue with

---

[12] Landa also complains that there was no hearing on the attorney's fee award, but the trial court held a hearing on January 6, 2021, regarding the motion to dismiss, which contained the request for fees, and Landa attended that hearing.

evidence pertaining to work completed by Rogers's counsel as part of the underlying proceeding but not specifically relating to the TCPA motion, but the TCPA requires the recovery of the fees "incurred in defending against the legal action." Tex. Civ. Prac. & Rem. Code § 27.009(a)(1); *see also id.* § 27.001(6) (defining "legal action" to include "a lawsuit . . . or any other judicial pleading or filing that requests legal, declaratory, or equitable relief"). Based on the record before us, there was legally sufficient evidence to support the trial court's award of attorney's fees. We overrule Landa's ninth issue.

In her final issue, Landa also contends that because the trial court erred in granting the TCPA motion, she should have been entitled to reasonable attorney's fees because "Rogers'[s] motion to dismiss is evidence that it was frivolous or solely intended to delay." Because the trial court properly dismissed the legal action, Landa is not entitled to court costs and reasonable attorney's fees. *See id.* § 27.009(b). We overrule Landa's tenth issue.

## CONCLUSION

Having overruled all Landa's issues on appeal, we affirm the trial court's final judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Jones[*]

Affirmed

Filed: March 30, 2023

_____

[*] Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

22